Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Natasha Mikha Pardasani (State Bar No. 270731)
Email: npardasani@victorrane.com
Jacqueline D. DeWarr (State Bar No. 207265)
Email: jdewarr@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELENE SANDERS, an individual, | Case No.: 2:21-CV-00451-DDP-MRW |
| Plaintiff, | |
| vs. | STIPULATED PROTECTIVE ORDER |
| | (MRW VERSION 4/19) |
| SOUTHWEST AIRLINES CO., a business entity of unknown form; and DOES 1 through 100, inclusive, | ☐ Check if submitted without material modifications to MRW form |
| Defendants. | |

1.  INTRODUCTION

    1.1  PURPOSES AND LIMITATIONS

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal

principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2    GOOD CAUSE STATEMENT

This case arises from the alleged racial discrimination of Plaintiff while onboard Southwest Airlines flight 577 from Ontario to Las Vegas on July 18, 2020.  To facilitate productive discovery, the parties need to exchange documents, items, and information of private, confidential, and/or proprietary nature.  Prior to production, no party can effectively evaluate the claims of the other as to the need for protection.  Thus, a means that enables the production of documents at least to the point of evaluating the asserted need for protection, as well as an order specifying how such documents need to be treated, is required in this case.  Moreover, pursuant to the terms of this Order, any document designated as confidential where that designation is disputed can be identified as such and the matter submitted to the Court for resolution.

In the absence of this Order, the Court would have to evaluate many documents individually, and this task would burden the Court's processes and slow discovery.  As to those documents that are entitled to protection, disclosure of such confidential information is likely to prejudice the legitimate business, competitive, and/or privacy interests of parties, or of third parties.

A protective order is thus needed in this action to enable the documents to be evaluated and to protect against unauthorized disclosure of confidential information and to ensure that such information will be used only for purposes of this action.  A protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

### 2.    DEFINITIONS

2.1    Action: this pending federal law suit.

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone:  (310) 388-4849

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  [**Note: any request for a two-tiered, attorney-eyes-only protective order that designates certain material as "Highly Confidential" will require a separate and <u>detailed</u> showing of need.]**

2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel:  attorneys who are employees of a party to this Action, or employees of an insurer of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone:  (310) 388-4849

1  Action, including the time limits for filing any motions or applications for extension of time
2  pursuant to applicable law.

3

4  5.      DESIGNATING PROTECTED MATERIAL

5      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party
6  or Non-Party that designates information or items for protection under this Order must take care
7  to limit any such designation to specific material that qualifies under the appropriate standards.
8  The Designating Party must designate for protection only those parts of material, documents,
9  items, or oral or written communications that qualify so that other portions of the material,
10  documents, items, or communications for which protection is not warranted are not swept
11  unjustifiably within the ambit of this Order.

12      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
13  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
14  unnecessarily encumber the case development process or to impose unnecessary expenses and
15  burdens on other parties) may expose the Designating Party to sanctions.

16      If it comes to a Designating Party's attention that information or items that it designated
17  for protection do not qualify for protection, that Designating Party must promptly notify all other
18  Parties that it is withdrawing the inapplicable designation.

19      5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order
20  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
21  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
22  designated before the material is disclosed or produced.

23      Designation in conformity with this Order requires:

24      (a)  for information in documentary form (e.g., paper or electronic documents, but
25  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
26  Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL
27  legend"), to each page that contains protected material.  If only a portion or portions of the

28

Victor Rane
9350 Wilshire Blvd. Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1   material on a page qualifies for protection, the Producing Party also must clearly identify the

2   protected portion(s) (e.g., by making appropriate markings in the margins).

3          A Party or Non-Party that makes original documents available for inspection need

4   not designate them for protection until after the inspecting Party has indicated which documents

5   it would like copied and produced. During the inspection and before the designation, all of the

6   material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting

7   Party has identified the documents it wants copied and produced, the Producing Party must

8   determine which documents, or portions thereof, qualify for protection under this Order. Then,

9   before producing the specified documents, the Producing Party must affix the

10  "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or

11  portions of the material on a page qualifies for protection, the Producing Party also must clearly

12  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

13          (b)  for testimony given in depositions that the Designating Party identify the Disclosure

14  or Discovery Material on the record, before the close of the deposition all protected testimony.

15          (c)  for information produced in some form other than documentary and for any other

16  tangible items, that the Producing Party affix in a prominent place on the exterior of the

17  container or containers in which the information  is stored the legend "CONFIDENTIAL."  If

18  only a portion or portions of the information warrants protection, the Producing Party, to the

19  extent practicable, will identify the protected portion(s).

20          5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

21  designate qualified information or items does not, standing alone, waive the Designating Party's

22  right to secure protection under this Order for such material.  Upon timely correction of a

23  designation, the Receiving Party must make reasonable efforts to assure that the material is

24  treated in accordance with the provisions of this Order.

25

26  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

27          6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

28  confidentiality at any time that is consistent with the Court's Scheduling Order.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone:  (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

6.2     Meet and Confer.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

/ /

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

Victor Rane
9350 Wilshire Blvd, Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1    (b)  promptly notify in writing the party who caused the subpoena or order to issue in

2    the other litigation that some or all of the material covered by the subpoena or order is subject to

3    this Protective Order.  Such notification will include a copy of this Stipulated Protective Order;

4    and

5    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

6    Designating Party whose Protected Material may be affected.

7    If the Designating Party timely seeks a protective order, the Party served with the

8    subpoena or court order will not produce any information designated in this action as

9    "CONFIDENTIAL" before a determination by the court from which the subpoena or order

10   issued, unless the Party has obtained the Designating Party's permission.  The Designating Party

11   will bear the burden and expense of seeking protection in that court of its confidential material

12   and nothing in these provisions should be construed as authorizing or encouraging a Receiving

13   Party in this Action to disobey a lawful directive from another court.

14

15   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

16   LITIGATION

17   (a)  The terms of this Order are applicable to information produced by a Non-Party in

18   this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties

19   in connection with this litigation is protected by the remedies and relief provided by this Order.

20   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

21   additional protections.

22   (b)  In the event that a Party is required, by a valid discovery request, to produce a

23   Non-Party's confidential information in its possession, and the Party is subject to an agreement

24   with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

25   (1)  promptly notify in writing the Requesting Party and the Non-Party that some

26   or all of the information requested is subject to a confidentiality agreement with a Non-Party;

27   / /

28   / /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1    (2)  promptly provide the Non-Party with a copy of the Stipulated Protective

2  Order in this Action, the relevant discovery request(s), and a reasonably specific description of

3  the information requested; and

4    (3)  make the information requested available for inspection by the Non-Party, if

5  requested.

6    (c)  If the Non-Party fails to seek a protective order from this court within 14 days of

7  receiving the notice and accompanying information, the Receiving Party may produce the Non-

8  Party's confidential information responsive to the discovery request.  If the Non-Party timely

9  seeks a protective order, the Receiving Party will not produce any information in its possession

10  or control that is subject to the confidentiality agreement with the Non-Party before a

11  determination by the court.   Absent a court order to the contrary, the Non-Party will bear the

12  burden and expense of seeking protection in this court of its Protected Material.

13

14  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16  Material to any person or in any circumstance not authorized under this Stipulated Protective

17  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

18  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

19  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

20  made of all the terms of this Order, and (d) request such person or persons to execute the

21  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

22

23  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

24  MATERIAL

25    When a Producing Party gives notice to Receiving Parties that certain inadvertently

26  produced material is subject to a claim of privilege or other protection, the obligations of the

27  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

28  provision is not intended to modify whatever procedure may be established in an e-discovery

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1  order that provides for production without prior privilege review.  Pursuant to Federal Rule of

2  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

3  communication or information covered by the attorney-client privilege or work product

4  protection, the parties may incorporate their agreement in the stipulated protective order

5  submitted to the court.

6

7  12.   <u>MISCELLANEOUS</u>

8    12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to

9  seek its modification by the Court in the future.

10    12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective

11  Order no Party waives any right it otherwise would have to object to disclosing or producing any

12  information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

13  no Party waives any right to object on any ground to use in evidence of any of the material

14  covered by this Protective Order.

15    12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected

16  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under

17  seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

18  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving

19  Party may file the information in the public record unless otherwise instructed by the court.

20

21  13.   <u>FINAL DISPOSITION</u>

22    Within 60 days after the final disposition of this Action, as defined in paragraph 4, each

23  Receiving Party must return all Protected Material to the Producing Party or destroy such

24  material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

25  compilations, summaries, and any other format reproducing or capturing any of the Protected

26  Material.  The attorney for the Receiving Party shall collect, assemble and return all Protected

27  Material or, if electing to destroy, all Protected Material in any form (physical or digital) must be

28  completely and permanently removed and destroyed from any and all locations, including

physical files, portable drives, computers or their devices, email storage/accounts (including phones), backup locations (both physical and cloud-based) and shadow copies. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline in substantially the form attached hereto as Exhibit B. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone:  (310) 388-4849

14.     Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _11/10/2021_             _/s/ Anahita Sedaghatfar_
                                Brian T. Dunn
                                Anahita Sedaghatfar
                                THE COCHRAN FIRM CALIFORNIA
                                Attorneys for Plaintiff
                                ADELENE SANDERS

DATED: _11/10/2021_             _/s/ Jacqueline D. DeWarr_
                                Richard A. Lazenby
                                Natasha Mikha Pardasani
                                Jacqueline D. DeWarr
                                VICTOR RANE
                                Attorneys for Defendant
                                SOUTHWEST AIRLINES CO.


*All signatories concur in the filing's content and have authorized this filing.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

                                        /s/ Judge Wilner

DATED: November 12, 2021        _____
                                HON. MICHAEL R. WILNER
                                United States Magistrate Judge

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

**1.1.**   I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *Adelene Sanders. v. Southwest Airlines Co.,* Case No. 2:21-CV-00451-DDP-MRW.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

EXHIBIT B

CERTIFICATION OF RETURN AND/OR DESTRUCTION OF

CONFIDENTIAL INFORMATION

I, _____ [print or type full name], counsel for the Receiving

Party, affirm that all Protected Material received in the above-captioned case has been returned

and/or destroyed.  I further affirm that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected

Material, except archival copies of pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

attorney work product, and consultant and expert work product, some of which may contain

Protected Material.  To the extent these archival copies contain Protected Material, the Protected

Material is controlled by the Protective Order in the case of *Adelene Sanders. v. Southwest*

*Airlines Co.*, Case No. 2:21-CV-00451-DDP-MRW.


Dated: _____     By:_____

                                                             Name:

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone:  (310) 388-4849