# EXHIBIT  49

**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**ANAHITA SEDAGHATFAR, ESQ. (SBN 217289)**
Email: asedaghatfar@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff ADELENE SANDERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELENE SANDERS, an individual, | **CASE NO.: 2:21-CV-00451-DDP-MRW** |
| Plaintiff, | **PLAINTIFF ADELENE SANDERS'** |
| vs. | **RESPONSES TO DEFENDANT SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES** |
| SOUTHWEST AIRLINES CO., a business entity of unknown form;and DOES 1 through 100, inclusive, | |
| Defendants. | |

**PROPOUNDING PARTY:**     **Defendant SOUTHWEST AIRLINES CO.**

**RESPONDING PARTY:**     **Plaintiff ADELENE SANDERS**

**SET NUMBER:**     **ONE (1)**

Plaintiff ADELENE SANDERS(hereinafter referred to as "Responding Party" or

"Plaintiff")responds to the Interrogatories, Set One propounded by DefendantSOUTHWEST AIRLINES

CO. (hereinafter referred to as "Propounding Party" or "Defendant") as follows:

///

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

**PRELIMINARY STATEMENT & RESERVATION OF RIGHTS**

1.      This action is still in the discovery phase and Responding Party has not yet completed her investigation of the facts related to the action, has not yet completed discovery in this action, and has not yet completed preparation for trial.  Responding Party expressly reserves the right to supplement these responses at a later time should it deem such supplementation necessary or appropriate.

2.      Any responses produced in response to these interrogatories are produced solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any other objections or grounds that would require the exclusion of any evidence at trial or in any proceeding in this action.  All applicable objections are reserved and may be interposed at a later date. Furthermore, Responding Party's responses herein do not waive and expressly reserve the right:  (a) to object to any effort to use any response in any step or proceeding in this action or any other action, and (b) to object on any ground to other discovery requests regarding the subject matter of any response herein.

3.      The following responses are limited to applicable time periods and are based upon the information that is presently known and reasonably available to Responding Party.  Responding Party believes that these responses are accurate as of the date made and she has made a reasonable effort to respond to the interrogatories to the best of her present knowledge, information and belief, but reserves the right to make us of, or introduce in any hearing or at trial, without limitation, information not known to exist at the time of these responses or information obtained in discovery in this action.  Further investigation may reveal other responsive information.

4.      Responding Party does not concede that any of her responses to these interrogatories are or will be admissible evidence at trial of this action.  Responding Party does not waive any objection, on any ground, whether or not asserted herein, to the use of any response at trial.

///

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

5.      The responses contained herein are based on this Responding Party's good faith interpretation of the interrogatories.  Should the Propounding Party assert an interpretation of any particular interrogatory that is different from this Responding Party's interpretation of such interrogatory, this Responding Party reserves the right to serve a supplemental response to such interrogatory and specifically reserves the right to raise any appropriate objections at the time of such supplemental response.

## GENERAL OBJECTIONS

Responding Party objects generally to the interrogatories on the following grounds, each of which is incorporated by reference in the response to each and every interrogatory below.

1.      Responding Party objects to each interrogatory to the extent that the interrogatory seeks the disclosure of attorney-client privileged information and Responding Party asserts the attorney-client privilege with respect to each such interrogatory.

2.      Responding Party objects to each interrogatory to the extent that the interrogatory seeks the disclosure of information protected by the attorney work product doctrine, and Responding Party asserts the attorney work product privilege with respect to each such interrogatory.

3.      Responding Party does not intend by these responses or objections to waive any claim of privilege or immunity.  Responding Party's objections and responses are conditioned specifically on the understanding that the provision of information or documents for which any claim of privilege is applicable shall be deemed inadvertent and not a waiver of the claim of privilege.

4.      Responding Party objects to each interrogatory to the extent that the interrogatory seeks information equally available to the Propounding Party.

5.      Responding Party objects to each interrogatory to the extent that the interrogatory seeks information that is not relevant to the issues in this action, nor likely to lead to the discovery of admissible evidence.

///

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

6.      Responding Party objects to each interrogatory to the extent that the interrogatory purports to impose any requirement or discovery obligation on Responding Party beyond that set forth in the Federal Rules or other applicable rules.

7.      Responding Party objects to each interrogatory to the extent the interrogatory seeks highly sensitive, confidential, proprietary and/or trade secret information regarding Responding Party's business operations that are protected from disclosure.

8.      Responding Party objects to each interrogatory to the extent the interrogatory calls for information that is protected by the privacy rights of third parties, as provided by the California and United States Constitution and/or any other statute or legal authority.

9.      Responding Party objects to each interrogatory on to the extent the interrogatory is compound.

10.      Responding Party objects to each interrogatory to the extent any interrogatory is inappropriately unlimited in time or scope as to subject matter or time, vague and ambiguous, overbroad, unreasonably burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence.

11.      Responding Party objects to each interrogatory to the extent that any interrogatory is unduly burdensome and/or overbroad.

12.      Responding Party reserves all objections or other questions as to the competency, relevancy, materiality, privilege or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, with respect to the responses herein and any document or thing identified or provided in response to Propounding Party's discovery requests.

13.      Responding Party objects to these interrogatories on the grounds that Propounding Party has violated Rule 33 in that these interrogatories and the subparts thereto exceed 25 interrogatories.

///

///

PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT
SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

## RESPONSES TO INTERROGATORIES, SET ONE

**INTERROGATORY NO. 1:**

State all facts supporting YOUR allegation that "Southwest engaged in racially motivated acts of intentional and purposeful discrimination when it removed Plaintiff from her flight," as set forth in paragraph 36 of YOUR Complaint.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover a statement of all facts supporting Plaintiff's contentions before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Plaintiff is African American and Black. Plaintiff, who was accompanied by her aunt at the Incident, who is also African American and Black and was wearing a "Black Lives Matter" face mask. The racial profiling and discrimination at the hands of Southwest is evidenced by a series of events that occurred at the Incident. Plaintiff arrived at the Southwest self-check-in station to retrieve her boarding pass and proceeded to the counter to check in her luggage. As she was walking to the counter, Plaintiff observed two Caucasian female Southwest agents glaring at her and whispering to one another under their breath, making her feel very uncomfortable. As she got closer, Plaintiff overheard one of these agents say to the other, while smirking and in a mocking tone, "oh look she dropped her boarding pass." The agents then both began to giggle. Plaintiff, aware that they were talking about her, looked over her shoulder and realized indeed, she had dropped her boarding pass. Plaintiff felt

PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

1  humiliated and embarrassed by the conduct of these agents, which was racially motivated. Once past

2  TSA, Plaintiff and her aunt patronized one of the restaurants at the Southwest terminal for a meal. Upon

3  completion of their meal, Plaintiff and her aunt walked towards their gate as their flight was now

4  boarding. Plaintiff's aunt brought with her, in a "to go" cup from the restaurant, her iced water. It is

5  notable that Plaintiff's aunt had on a face mask (due to COVID19 laws) with the words "Black Lives

6  Matter" written on it. Upon their arrival to the threshold of the aircraft entrance, Plaintiff and her aunt

7  were abruptly confronted and stopped by two Caucasian female Southwest agents. One of the agents

8  rudely asked what was in the cup. Plaintiff's aunt politely responded that her cup contained iced water.

9  Plaintiff also confirmed that the cup contained iced water from the restaurant at which they just dined.

10  The agent, with no basis whatsoever, accused Plaintiff and her aunt of lying and replied in an accusatory

11  tone, and in the presence of numerous other passengers, "come on, I know what alcohol smells like!"

12  The agent then demanded to "smell" the inside of the cup and proceeded to grab the cup out of her hand.

13  The agent slid down her face mask, stuck her nose inside the cup, only to confirm the cup indeed

14  contained water. The agent offered no apology and handed the cup back to Plaintiff's aunt. Plaintiff and

15  her aunt were embarrassed, shocked and totally taken aback not only at being singled out, but at the fact

16  that this agent actually put her nose inside the cup, which is wholly unsanitary to begin with, but could

17  have proven deadly due to COVID19. The agents did not do the same to other Caucasian passengers

18  also boarding the plane with beverages in their hands.Plaintiff and her aunt proceeded to board the

19  plane. The pilot began to announce the flight details when the same two Caucasian Southwest agents

20  approached Plaintiff, stating there had been a "complaint" about her wardrobe. The alleged "complaint,"

21  as explained by the agents, was about Plaintiff's "sides." It is notable that there was nothing indecent or

22  inappropriate about Plaintiff's attire that would justify the Southwest agents taking this action. Plaintiff,

23  who is a curvy woman, physical features common to African American woman, was wearing a one-

24  piece tie dye romper. Plaintiff's outfit presents and is affiliated with an urban style of dress. In fact, it

25  now became even more abundantly clear that Plaintiff and her aunt were being targeted for no other

6

PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT
SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

1 reason than the color of their skin, being African American and for being supporters of the "Black Lives

2 Matter" movement. The agents asked Plaintiff if she had anything to "cover up [her] sides with."

3 Plaintiff, now being intentionally targeted based on race for the third time, and wanting to avoid any

4 issues, calmly advised them that she did not, as her bag was checked in. The agents stated again, "well

5 there is a complaint made against you due to your sides." Plaintiff asked the agents if they could provide

6 her with a blanket. The agents stated there were no blankets available. At this point, Plaintiff inquired as

7 to what exactly was wrong with her attire and if Southwest had a wardrobe policy that she could review

8 or which could be referenced, to which she received no response. The two agents continued to badger

9 and demean Plaintiff about her attire, her "sides" and then about her "hips," which incidentally were not

10 visible as Plaintiff was sitting in her seat. Once the agents became aware that another passenger was

11 recording this incident on her cell phone, they immediately walked away. Moments later Plaintiff was

12 approached by a woman who identified herself as a Southwest supervisor named Dale. Dale stated that

13 she was asked to address a "complaint" in reference to Plaintiff's wardrobe and her "sides." Dale then

14 proceeded to similarly badger Plaintiff, repeatedly asking if Plaintiff had anything to cover up with.

15 Plaintiff advised Dale that she did not as her bag was checked in and that Plaintiff had advised the two

16 agents of this already. Feeling increasingly humiliated and again being badgered, harassed and

17 discriminated against for being African American, Plaintiff again inquired as to what Southwest policy

18 she had violated. To no avail. At one point Plaintiff asked the passengers if anyone indeed had

19 complained about her wardrobe. None of the passengers replied affirmatively.Plaintiff and her aunt

20 expressed that they were being harassed and targeted for being African American and because Plaintiff

21 has physical features, curves, common to African American women. Plaintiff and her aunt mentioned

22 their support of the "Black Lives Matter" movementand how the incident highlighted the importance of

23 the movement and that they will be marching in the protests because of how Southwest was treating

24 them.  More than once, Plaintiff and her aunt pointed out to the Southwest agents a Caucasian female

25 passenger on the flight who had a very low-cut blouse on, with no bra on and with more than half her

PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT
SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES

breasts exposed and asked why she was not being asked to "cover up." As this debacle was taking place in the presence of the other passengers, a gentleman kindly offered Plaintiff a T-shirt. Plaintiff accepted the shirt and used it to cover up her legs and hips. Supervisor Dale then walked away only to return a few moments later stating that Plaintiff and her aunt needed to exit the aircraft. Plaintiff did not violate any Southwest policy and engaged in no wrongdoing whatsoever. Despite this fact, she was continually and intentionally targeted, harassed and discriminated against due to her race.

**INTERROGATORY NO. 2:**

Identify all PERSONS with knowledge of the facts supporting YOUR allegation that "Southwest engaged in racially motivated acts of intentional and purposeful discrimination when it removed Plaintiff from her flight," as set forth in paragraph 36 of YOUR Complaint.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover identity of all persons supporting Plaintiff's contentions before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Plaintiff; Shelly Phillips; Defendant; Defendant's agents and Pilot involved in the Incident (names currently unknown).

**INTERROGATORY NO. 3:**

Identify all DOCUMENTS supporting YOUR allegation that "Southwest engaged in racially motivated acts of intentional and purposeful discrimination when it removed Plaintiff from her flight," as set forth in paragraph 36 of YOUR Complaint.

**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover identity of all documents supporting Plaintiff's contentions before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Without waiving and subject to the foregoing objections, Plaintiff responds as follows:Defendant's Contract of Carriage.

**INTERROGATORY NO. 4:**

State all facts supporting YOUR allegation that Southwest removed YOU from Southwest flight no. 577 "[w]ithout lawful justification, privilege or immunity, and acting in an arbitrary and capricious and intentional manner," as set forth in Paragraph 38 of YOUR Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover identity of all factssupporting Plaintiff's contentions before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: See Response to Interrogatory No. 1, which is incorporated

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

9

PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT
SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES

herein by reference.

**INTERROGATORY NO. 5:**

Identify all PERSONS with knowledge of the facts supporting YOUR allegation that Southwest removed YOU from Southwest flight no. 577 "[w]ithout lawful justification, privilege or immunity, and acting in an arbitrary and capricious and intentional manner," as set forth in Paragraph 38 of YOUR Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover identity of all persons supporting Plaintiff's contentions before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Plaintiff; Shelly Phillips; Defendant; Defendant's agents and Pilot involved in the Incident (names currently unknown).

**INTERROGATORY NO. 6:**

Identify all DOCUMENTS supporting YOUR allegation that Southwest removed YOU from Southwest flight no. 577 "[w]ithout lawful justification, privilege or immunity, and acting in an arbitrary and capricious and intentional manner," as set forth in Paragraph 38 of YOUR Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further

**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT
SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES

objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover identity of all documents supporting Plaintiff's contentions before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Defendant's Contract of Carriage.

**INTERROGATORY NO. 7:**

Identify each medication (prescribed or not prescribed), drug, and alcoholic beverage that YOU consumed in the 48 hours before the INCIDENT, and state thetime of consumption and dose/amount consumed.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and ambiguous. Plaintiff further objects that this interrogatory violates Plaintiff's 5th Amendment rights and her constitutional and statutory rights to privacy. Plaintiff further objects that this interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects that this interrogatory violates the physician-patient and psychotherapist-patient privileges.

**INTERROGATORY NO. 8:**

Identify the one-piece romper YOU wore during the INCIDENT (by size,color, manufacturer, and PERSON from whom YOU purchased the romper).

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects that this interrogatory is compound, vague and ambiguous. Plaintiff further objects that this interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.Without waiving and subject to the foregoing objections, Plaintiff responds as follows: The romper is a size Large and pink/white/blue. Plaintiff purchased the romper online, but does

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1  not recall from what website or the manufacturer.

2  **INTERROGATORY NO. 9:**

3      Describe each of YOUR interactions (including any words exchanged) with other PERSONS,

4  including Southwest representatives, between the time YOU checked in for and the time YOU deplaned

5  Southwest flight no. 577 on July 18, 2020.

6  **RESPONSE TO INTERROGATORY NO. 9:**

7      Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive as

8  it is impossible for Plaintiff to describe each of her interactions (including any words exchanged) over

9  the course of several hours, with anyone and everyone, between the time she checked in for and the time

10  she deplaned Southwest flight no. 577 on July 18, 2020.Plaintiff further objects to this interrogatory on

11  the grounds that it purports to seek information protected from disclosure by the attorney work-product

12  doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and

13  ambiguous and calls for a narrative. Without waiving and subject to the foregoing objections, Plaintiff

14  responds as follows: Plaintiff has described her relevant conversations and interactions in Response to

15  Interrogatory No. 1, which she incorporates by reference.

16  **INTERROGATORY NO. 10:**

17      Describe each of the interactions (including any words exchanged) thatYOU recall Shelly

18  Phillips had with other PERSONS, including Southwest representatives, between the time YOU checked

19  in for and the time YOU deplaned Southwest flight no. 577 on July 18, 2020.

20  **RESPONSE TO INTERROGATORY NO. 10:**

21      Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive as

22  it is impossible for Plaintiff to know much less describe each of Ms. Phillips' interactions (including any

23  words exchanged) over the course of several hours, with anyone and everyone, between the time she

24  checked in for and the time she deplaned Southwest flight no. 577 on July 18, 2020.Plaintiff further

25  objects to this interrogatory on the grounds that it purports to seek information protected from disclosure

26  by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this

27  interrogatory is vague and ambiguous and calls for a narrative. Without waiving and subject to the

28

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT
SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES

1  foregoing objections, Plaintiff responds as follows: Plaintiff has described Ms. Phillips' relevant

2  conversations and interactions in Response to Interrogatory No. 1, which she incorporates by reference.

3  **INTERROGATORY NO. 11:**

4  State all facts supporting YOUR allegation that Southwest's conduct caused YOU "to suffer . . .

5  pecuniary loss and financial devastation," as set forth in Paragraph 72 of YOUR First

6  Amended Complaint.

7  **RESPONSE TO INTERROGATORY NO. 11:**

8  Not applicable as Plaintiff is not seeking damages for loss of earnings.

9  **INTERROGATORY NO. 12:**

10  Identify all PERSONS with knowledge of the facts supporting YOUR allegation that

11  Southwest's conduct caused YOU "to suffer . . . pecuniary loss and financial devastation," as set forth in

12  Paragraph 72 of YOUR First Amended Complaint.

13  **RESPONSE TO INTERROGATORY NO. 12:**

14  Not applicable as Plaintiff is not seeking damages for loss of earnings.

15  **INTERROGATORY NO. 13:**

16  Identify all DOCUMENTS supporting YOUR allegation that Southwest's conduct caused YOU

17  "to suffer . . . pecuniary loss and financial devastation," as set forth in Paragraph 72 of YOUR First

18  Amended Complaint.

19  **RESPONSE TO INTERROGATORY NO. 13:**

20  Not applicable as Plaintiff is not seeking damages for loss of earnings.

21  **INTERROGATORY NO. 14:**

22  Describe each and every item of damages YOU claim in this action, including the amount(s),

23  YOUR calculations of the amount(s), and the date(s) incurred for each item of damages.

24  **RESPONSE TO INTERROGATORY NO. 14:**

25  Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive.

26  Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected

27  from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further

28  objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover a statement of all damages supporting Plaintiff's claims before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Plaintiff further objects that this interrogatory violates the physician-patient and psychotherapist-patient privileges. Without waiving and subject to the foregoing objections, Plaintiff responds as follows:Exact amounts are unknown at this time. Plaintiff estimates Non-economic damages at $1million-$5million; Economic damages at $10,000-$100,000; punitive damages in an unknown amount. Discovery is continuing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 15:**

Identify all DOCUMENTS that support YOUR response to Interrogatory No. 15.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover all documents supporting Plaintiff's claims before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Plaintiff further objects that this interrogatory violates the physician-patient and psychotherapist-patient privileges. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: As of now, Plaintiff's therapy records. Discovery is continuing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 16:**

Provide a description of each and every physical, mental, or emotional injury YOU attribute to the INCIDENT, including when each injury was first discovered and/or diagnosed, and whether and when it has resolved.

///

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT
SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover all informationsupporting Plaintiff's injuries and claims before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Plaintiff further objects that this interrogatory violates the physician-patient and psychotherapist-patient privileges. Without waiving and subject to the foregoing objections, Plaintiff responds as follows:Plaintiff's understanding is that as a result of the Incident, she has been diagnosed with Major Depressive Disorder, Anxiety Disorder and PTSD and that these injuries have not resolved. Discovery is continuing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 17:**

Identify each HEALTH CARE PROVIDER (by name, address, telephonenumber, and area of specialty, or by other information sufficient to enable Southwest to serve a deposition subpoena on each HEALTH CARE PROVIDER identified) who has examined or treated YOU for any physical, mental or emotional injury YOU attribute to the INCIDENT, including the date and description of the treatment YOU received.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover all information supporting Plaintiff's injuries and claims before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Plaintiff further objects that this interrogatory violates the

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1  physician-patient and psychotherapist-patient privileges. Without waiving and subject to the foregoing

2  objections, Plaintiff responds as follows: Foothill Psychological Services, Inc., upon whom Defendant

3  has already served a subpoena.

4  **INTERROGATORY NO. 18:**

5      Provide a description of all medication, prescribed or not, that YOU have taken for the injuries

6  that YOU attribute to the INCIDENT, including the name andthe brand of the medication, the dose of

7  the medication, the frequency of use of themedication, the date YOU started taking the medication, the

8  date YOU ceasedtaking the medication, and the identity of the HEALTH CARE PROVIDER (byname,

9  address, telephone number, and area of specialty, or by other informationsufficient to enable Southwest

10  to serve a deposition subpoena on each HEALTHCARE PROVIDER identified), if any, who prescribed

11  the medication.

12  **RESPONSE TO INTERROGATORY NO. 18:**

13      Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive.

14  Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected

15  from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further

16  objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory

17  prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff

18  further objects that this interrogatory improperly seeks to discover all information supporting Plaintiff's

19  injuries and claims before Plaintiff has had an opportunity to complete discovery and obtain necessary

20  documents from Defendant and non-parties. Plaintiff further objects that this interrogatory violates the

21  physician-patient and psychotherapist-patient privileges. Without waiving and subject to the foregoing

22  objections, Plaintiff responds as follows:Welbutran- NP Aizzel Trieu (Foothill Psychological Services),

23  12/9/20 150 mg daily, 12/15/20 300 mg daily; Zoloft - NP Aizzel Trieu1/6/21- 2/17/21 50 HCL daily;

24  Clonazepam - NP Aizzel Trieu, 12/9/20 .25 Mlg twice daily, 2/3/20 .50 Mlg daily; Trintelex - NP Aizzel

25  Trieu, 2/17/21 5 Mlg daily, 3/3/21 10 Mlg daily, 10/3/21 20 Mlg daily.

26  **INTERROGATORY NO. 19:**

27      If any HEALTH CARE PROVIDER has advised YOU that YOU may require future treatment

28  for any injuries YOU attribute to the INCIDENT, provide a description of the treatment that YOU have

**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

1  been advised that YOU may need, including the identity of the HEALTH CARE PROVIDER (by name,

2  address, telephone number, and area of specialty, or by other information sufficient to enable Southwest

3  to serve a deposition subpoena on each HEALTH CARE PROVIDER identified) who so advised.

4  **RESPONSE TO INTERROGATORY NO. 19:**

5      Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive.

6  Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected

7  from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further

8  objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory

9  prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff

10  further objects that this interrogatory improperly seeks to discover all information supporting Plaintiff's

11  injuries and claims before Plaintiff has had an opportunity to complete discovery and obtain necessary

12  documents from Defendant and non-parties. Plaintiff further objects that this interrogatory violates the

13  physician-patient and psychotherapist-patient privileges. Without waiving and subject to the foregoing

14  objections, Plaintiff responds as follows: Plaintiff believes that she is to continue receiving therapy by

15  her providers at Foothill Psychological Services, Inc.

16  **INTERROGATORY NO. 20:**

17      If YOU are claiming that YOU have sustained loss of earnings and/or loss of earning capacity as

18  a result of the INCIDENT, please state the amount of YOUR loss of earnings and loss of earning

19  capacity, including YOUR calculation for how YOU determined YOUR loss of earnings and loss of

20  earning capacity.

21  **RESPONSE TO INTERROGATORY NO. 20:**

22      Not applicable.

23  **INTERROGATORY NO. 21:**

24      Please state YOUR date of birth and Social Security Number (to enable Southwest and its

25  insurers to comply with the Medicare Secondary Payer Act, Section 111 of the Medicare, Medicaid, and

26  State Children's Health Insurance Program Extension Act of 2007 and any other applicable federal or

27  state laws).

28  *///*

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT
SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects that this interrogatory violates her constitutional and statutory rights to privacy. Plaintiff further objects that this interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff is not a Medicare recipient.

**INTERROGATORY NO. 22:**

For each response to Southwest's first set of requests for admissions to YOU, served concurrently herewith, that is not an unqualified admission, state allfacts upon which YOU base YOUR response.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects that this interrogatory is compound, overly broad, burdensome and oppressive. Plaintiff further objects to this interrogatory on the grounds that it purports to seek information protected from disclosure by the attorney work-product doctrine and the attorney-client privilege. Plaintiff further objects that this interrogatory is vague and ambiguous. Plaintiff objects that this interrogatory prematurely and improperly seeks to discover expert opinions, analyses, and/or conclusions. Plaintiff further objects that this interrogatory improperly seeks to discover all information supporting Plaintiff's injuries and claims before Plaintiff has had an opportunity to complete discovery and obtain necessary documents from Defendant and non-parties. Plaintiff further objects that this interrogatory violates the physician-patient and psychotherapist-patient privileges and is not full and compete in and of itself. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: RFA No. 2: Plaintiff did use the subject T-shirt to cover up her legs and hips.

Dated:  October 20, 2021                    THE COCHRAN FIRM CALIFORNIA


                                            / s  / -- Anahita Sedaghatfar, Esq.

                                   By:   _____
                                            ANAHITA SEDAGHATFAR
                                            BRIAN T. DUNN
                                            Attorneys for Plaintiff ADELENE  SANDERS

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Adelene Sanders, am a party to this action.

I have read the foregoing: **PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT SOUTHWEST AIRLINE CO.'S FIRST SET OF INTERROGATORIES** and know its contents. I verify that the responses herein are true based on my personal knowledge, except as to the matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____10·20·2021_____ at Rancho Cucamonga, California.

Adelene Sanders

## CERTIFICATION OF SERVICE VIA E-SERVICE [PROOF OF SERVICE]

Fed.R.Civ.P. 6(e) .

I am a resident of or employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action.  My business address is: The Cochran Firm-California, 4929 Wilshire Boulevard, Suite 1010, Los Angeles, California 90010.

On October 21, 2021, I served the following listed document(s): **PLAINTIFF ADELENE SANDERS' RESPONSES TO DEFENDANT SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES** on the interested parties in this action by placing [   ] the original  [xx ] a true copy thereof enclosed in a sealed envelope addressed as follows (or as shown on the attached Service List):

Richard A. Lazenby, Esq.
Natasha Mikha Pardasani, Esq.
Jacqueline DeWarr, Esq.
VICTOR RANE
9350 Wilshire Boulevard, Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile:  (310) 388-4969
E-Mail: rlazenby@victorrane.com
          npardasani@victorrane.com
          jdwarr@victorrane.com

Attorneys for Defendant SOUTHWEST AIRLINES CO.

[x ]      BY ELECTRONIC TRANSMISSION/E-SERVICE:  I transmitted the foregoing document by e-mail to the e-mail address of the addressee as noted above.

[x ]      Federal:   I hereby swear and affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2021 at Los Angeles, California.

/ s /

_____
Daniel-Michael Torres