# EXHIBIT 52

```
Richard A. Lazenby (State Bar No.: 202105)
Email: rlazenby@victorrane.com
Natasha Mikha Pardasani (State Bar No.: 270731)
Email: npardasani@victorrane.com
Jacqueline D. DeWarr (State Bar No. 207265)
Email: jdewarr@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendants
SOUTHWEST AIRLINES CO.
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELENE SANDERS, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SOUTHWEST AIRLINES CO., a business entity of unknown form; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No.: 2:21-CV-00451-DDP-MRW<br><br>**SOUTHWEST AIRLINES CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT SOUTHWEST AIRLINES, CO. AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>**DATE: March 10, 2022**<br>**TIME: 10:00 a.m.**<br>**LOCATION: Via Zoom Videoconference technology** |

    Defendant Southwest Airlines Co. ("Southwest"), by and through its attorneys of record, Victor Rane, provides the following objections and responses to Plaintiff Adelene Sanders' notice of taking the deposition of Southwest re 18 subject areas and requests for production of documents re 14 categories of documents as follows:

    Southwest objects to Plaintiff's deposition notice on the grounds that it is vague, ambiguous, and unduly overbroad as to the terms "most qualified to testify on its behalf" as it relates to the 18 subject matters.

    Southwest further objects to Plaintiff's deposition notice on the grounds that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiver of, the objections stated herein, Southwest will designate and produce a PMK for the categories and subcategories as follows:

## I. OBJECTIONS TO SUBJECT MATTERS

SUBJECT MATTER 1:

Plaintiff's allegations of discrimination as alleged in the Complaint in this action.

RESPONSE TO SUBJECT MATTER 1:

Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and unduly overbroad as drafted and as to the phrase "allegations of discrimination as alleged in the Complaint." Southwest objects to this subject matter on the grounds that it fails to describe the matter on which examination is sought with reasonable particularity. Southwest objects to this subject matter on the grounds that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to and without waiving the above objections, Southwest responds as follows: Southwest interprets this topic to mean Plaintiff's interactions with Southwest employees on July 18, 2020. The persons most knowledgeable as to Southwest's interactions with Plaintiff on July 18, 2020 are Elena Karenev and Dell Jackson. United will produce Elena Karenev and Dell Jackson for one deposition each in this matter, and they have both already been noticed in their individual capacity.

SUBJECT MATTER 2:

Defendant's investigation regarding the incident (the term "incident" shall refer to and mean all facts and circumstances of Southwest flight No. 577 from Ontario to Las Vegas on July 18, 2020 referenced in Plaintiff's Complaint and which form the basis of this litigation).

RESPONSE TO SUBJECT MATTER 2:

Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW

- 3 -

1  the needs of the case.

2  Subject to, and without waiving, the above objections, Southwest responds as follows:

3  Southwest defines "investigation" to exclude any attorney-led investigation in anticipation of and

4  during litigation. Southwest will produce a deponent most knowledgeable as to Southwest's

5  investigation regarding the incident during the subject flight.

7  SUBJECT MATTER 3:

8  Defendant's policies regarding discrimination and harassment.

9  RESPONSE TO SUBJECT MATTER 3:

10 Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and

11 unduly overbroad, and that it seeks information that is not relevant to the subject matter of this

12 litigation or proportionate to the needs of the case.

13 Subject to, and without waiving, the above objections, Southwest responds as follows:

14 Southwest interprets this topic to mean passenger discrimination and harassment. Southwest will

15 produce a deponent on this topic.

17 SUBJECT MATTER 4:

18 Training provided to Southwest employees regarding discrimination and harassment.

19 RESPONSE TO SUBJECT MATTER 4:

20 Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and

21 unduly overbroad, and that it seeks information that is not relevant to the subject matter of this

22 litigation or proportionate to the needs of the case.

23 Subject to, and without waiving, the above objections, Southwest responds as follows:

24 Southwest interprets this topic to mean passenger discrimination and harassment. Southwest will

25 produce a deponent on this topic.

27 SUBJECT MATTER 5:

28 Defendant's policies regarding the investigation of passenger complaints of

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF
SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW

- 4 -

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1 discrimination.

2 RESPONSE TO SUBJECT MATTER 5:

3 Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

8 Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest defines "investigation" to exclude any attorney-led investigation in anticipation of and during litigation. Southwest will produce a deponent most knowledgeable as to Southwest's policies regarding investigation of passenger complaints of discrimination.

13 SUBJECT MATTER 6:

14 Defendant's policies regarding screening of passenger beverages to determine if alcohol is contained therein before passengers board the aircraft.

16 RESPONSE TO SUBJECT MATTER 6:

17 Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

20 Subject to, and without waiving, the above objections, Southwest responds as follows: ==Southwest interprets this topic to mean Southwest's policies prohibiting passengers from bringing alcohol onboard the aircraft for consumption during flight. Southwest will produce a deponent on this topic.==

25 SUBJECT MATTER 7:

26 The passenger complaint(s) about Plaintiff's wardrobe and/or "sides."

27 RESPONSE TO SUBJECT MATTER 7:

28 Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW

- 5 -

unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest interprets this topic to mean any complaints made about Plaintiff's attire on July 18, 2020. The persons most knowledgeable as to any complaints made about Plaintiff's attire on July 18, 2020 are Elena Karenev and Dell Jackson. United will produce Elena Karenev and Dell Jackson for one deposition each in this matter, and they have both already been noticed in their individual capacity.

SUBJECT MATTER 8:

Defendant's wardrobe policy for passengers.

RESPONSE TO SUBJECT MATTER 8:

Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: ==Southwest interprets this topic to mean Southwest's policy that it may remove from an aircraft a passenger wearing clothes that are lewd, obscene or patently offensive. Southwest will produce a deponent on this topic.==

SUBJECT MATTER 9:

The reason Plaintiff and her aunt were asked to exit the aircraft, and who made this decision.

RESPONSE TO SUBJECT MATTER 9:

Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest interprets this topic to mean the Southwest policies and federal law upon which Southwest relied in deplaning Plaintiff and her aunt on July 18, 2020. The person most knowledgeable on this topic is Captain Alex Meifert. United will produce Alex Meifert for one deposition in this matter, and he has already been noticed in his individual capacity.

SUBJECT MATTER 10:

Defendant's policies regarding the removal of passengers from the aircraft.

RESPONSE TO SUBJECT MATTER 10:

Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest will produce a deponent on this topic.

SUBJECT MATTER 11:

Dell Jackson's employment at Defendant Southwest, including performance evaluations and passenger and workplace complaints made against her.

RESPONSE TO SUBJECT MATTER 11:

Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this topic on the grounds that it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance. Southwest objects to this subject matter and subcategories on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to

the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest interprets "passenger and workplace complaints" to mean passenger and workplace complaints relating to racial discrimination or harassment. Dell Jackson is the person most knowledgeable regarding her employment at Southwest. She will be produced for one deposition in this matter, and she has already been noticed in her individual capacity.

SUBJECT MATTER 12:

Justin Moyer's employment at Defendant Southwest, including performance evaluations and passenger and workplace complaints made against him.

RESPONSE TO SUBJECT MATTER 12:

Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine.  Southwest objects to this request on the grounds that it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance. Southwest objects to this subject matter and subcategories on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest interprets "passenger and workplace complaints" to mean passenger and workplace complaints relating to racial discrimination or harassment. Justin Moyer is the person most knowledgeable regarding his employment at Southwest. He will be produced for one deposition in this matter, and he has already been noticed in his individual capacity.

SUBJECT MATTER 13:

Alex Meifert's employment at Defendant Southwest, including performance evaluations and passenger and workplace complaints made against him.

RESPONSE TO SUBJECT MATTER 13:

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW

- 8 -

Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this request on the grounds that it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance. Southwest objects to this subject matter and subcategories on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest interprets "passenger and workplace complaints" to mean passenger and workplace complaints relating to racial discrimination or harassment. Alex Meifert is the person most knowledgeable regarding his employment at Southwest. He will be produced for one deposition in this matter, and he has already been noticed in his individual capacity.

SUBJECT MATTER 14:

Elena Karenev's employment at Defendant Southwest, including performance evaluations and passenger and workplace complaints made against her.

RESPONSE TO SUBJECT MATTER 14:

Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this request on the grounds that it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance. Southwest objects to this subject matter and subcategories on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest interprets "passenger and workplace complaints" to mean passenger and workplace complaints relating to racial discrimination or harassment. Elena Karenev is the person most knowledgeable regarding her employment at Southwest. She will be produced for one deposition

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF
SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW

- 9 -

in this matter, and she has already been noticed in her individual capacity.

SUBJECT MATTER 15:

Chante Andrus' employment at Defendant Southwest, including performance evaluations and passenger and workplace complaints made against her.

RESPONSE TO SUBJECT MATTER 15:

Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this request on the grounds that it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance. Southwest objects to this subject matter and subcategories on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest interprets "passenger and workplace complaints" to mean passenger and workplace complaints relating to racial discrimination or harassment. Chante Andrus is the person most knowledgeable regarding her employment at Southwest. She will be produced for one deposition in this matter, and she has already been noticed in her individual capacity.

SUBJECT MATTER 16:

Phyllis Benedict's employment at Defendant Southwest, including performance evaluations and passenger and workplace complaints made against her.

RESPONSE TO SUBJECT MATTER 16:

Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this request on the grounds that it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance. Southwest objects to this subject matter and subcategories on

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW

- 10 -

the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest interprets "passenger and workplace complaints" to mean passenger and workplace complaints relating to racial discrimination or harassment. Phyllis Benedict is the person most knowledgeable regarding her employment at Southwest. She will be produced for one deposition in this matter, and she has already been noticed in her individual capacity.

SUBJECT MATTER 17:

Passenger complaints made against Defendant and any of its workers regarding race discrimination and harassment based on being African American/Black for the last 5 years.

RESPONSE TO SUBJECT MATTER 17:

Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this request on the grounds that it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of employees of Southwest and Plaintiff has failed to show a compelling need or clear relevance. Southwest objects to this subject matter and subcategories on the grounds that it is vague and ambiguous as draft and with respect to the terms "any of its workers" and "race discrimination and harassment based on being African American/Black." Southwest objects to this topic on the ground that it is oppressive, burdensome, unduly overbroad, and seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest is producing six employee witnesses who were onboard the subject flight or interacted with Plaintiff, each of whom will testify as to whether any passenger complaints have been made against them regarding racial discrimination or harassment. Complaints made against any of the other tens of thousands of individuals Southwest employs, in different circumstances and/or on different flights, are not relevant to Plaintiff investigating whether the employees involved in the

1  subject incident may have had intent to discriminate.

3  SUBJECT MATTER 18:

4  The witness statements/reports produced by Defendant in discovery.

5  RESPONSE TO SUBJECT MATTER 18:

6  Southwest objects to this subject matter to the extent it seeks information protected by the attorney/client privilege and the attorney work-product doctrine. Southwest objects to this subject matter on the grounds that it is vague, ambiguous, and unduly overbroad, and that it seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

11  Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest interprets this topic to mean the manner in which the statements/reports of Southwest employees regarding the incident involving Plaintiff on July 18, 2020 were submitted to and retained by Southwest. Southwest will produce a deponent on this topic.

16  RESPONSES TO REQUESTS FOR PRODUCTION

17  REQUEST FOR PRODUCTION NO. 1:

18  All DOCUMENTS YOU reviewed in preparation for YOUR deposition.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

20  Southwest objects to this request to produce documents that "presumably capture every document having anything to do with [the incident]" on the grounds that it is overbroad, unduly burdensome, and unenforceable. (*See Morgan v. Napolitano*, Case No. 2:12-cv-1287 LKK DAD, 2013 U.S. Dist. LEXIS 76295, at *9 (E.D. Cal. May 29, 2013)). Southwest objects to the definition of the terms "YOU" and "YOUR" on the grounds that it includes parties other than Southwest, including attorneys, investigators, consultants, experts and insurance companies. Southwest objects to this request to the extent it seeks information that is protected by attorney-client privilege and/or the attorney work product doctrine.

28  Subject to, and without waiving, the above objections, Southwest responds as follows:

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF
SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW

- 12 -

Southwest will produce documents reviewed by any deponent in preparation for their deposition, if any.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS not already produced in YOUR Rule 26 disclosures.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Southwest objects to this request on the grounds that it is vague and ambiguous and overly broad as to the terms "All DOCUMENTS" not already produced. Southwest objects to this request to the extent it seeks information that is protected by attorney-client privilege and/or the attorney work product doctrine.

Subject to, and without waiving, the above objections, Southwest responds as follows: Southwest has already produced all documents responsive to this request in Southwest's custody, possession, or control.

REQUEST FOR PRODUCTION NO. 3:

Dell Jackson's personnel file.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Southwest objects to this request on the grounds that it is vague and ambiguous and overly broad as to the term "personnel file." Southwest objects to this request on the grounds that it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance. Southwest objects to this request on the grounds that it is oppressive, burdensome, unduly overbroad, and seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

REQUEST FOR PRODUCTION NO. 4:

Justin Moyer's personnel file.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1  Southwest objects to this request on the grounds that it is vague and ambiguous and
2  overly broad as to the term "personnel file." Southwest objects to this request on the grounds that
3  it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an
4  employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance.
5  Southwest objects to this request on the grounds that it is oppressive, burdensome, unduly
6  overbroad, and seeks information that is not relevant to the subject matter of this litigation or
7  proportionate to the needs of the case.

9  REQUEST FOR PRODUCTION NO. 5:
10  Alex Meifert's personnel file.
11  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:
12  Southwest objects to this request on the grounds that it is vague and ambiguous and
13  overly broad as to the term "personnel file." Southwest objects to this request on the grounds that
14  it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an
15  employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance.
16  Southwest objects to this request on the grounds that it is oppressive, burdensome, unduly
17  overbroad, and seeks information that is not relevant to the subject matter of this litigation or
18  proportionate to the needs of the case.

20  REQUEST FOR PRODUCTION NO. 6:
21  Elena Karenev's personnel file.
22  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:
23  Southwest objects to this request on the grounds that it is vague and ambiguous and
24  overly broad as to the term "personnel file." Southwest objects to this request on the grounds that
25  it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an
26  employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance.
27  Southwest objects to this request on the grounds that it is oppressive, burdensome, unduly
28  overbroad, and seeks information that is not relevant to the subject matter of this litigation or

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF
SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW
- 14 -

proportionate to the needs of the case.

REQUEST FOR PRODUCTION NO. 7:

Chante Andrus' personnel file.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Southwest objects to this request on the grounds that it is vague and ambiguous and overly broad as to the term "personnel file." Southwest objects to this request on the grounds that it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance. Southwest objects to this request on the grounds that it is oppressive, burdensome, unduly overbroad, and seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

REQUEST FOR PRODUCTION NO. 8:

Phyllis Benedict's personnel file.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Southwest objects to this request on the grounds that it is vague and ambiguous and overly broad as to the term "personnel file." Southwest objects to this request on the grounds that it is oppressive, overly broad and unduly burdensome in that it violates the privacy rights of an employee of Southwest and Plaintiff has failed to show a compelling need or clear relevance. Southwest objects to this request on the grounds that it is oppressive, burdensome, unduly overbroad, and seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING TO the INCIDENT.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Southwest objects to this request on the grounds that it is vague and ambiguous and

1  overly broad as to the term "the INCIDENT". Southwest objects to this request to the extent it
2  seeks information that is protected by attorney-client privilege and/or the attorney work product
3  doctrine.  Southwest objects to this request to produce documents that "presumably capture
4  every document having anything to do with [the incident]" on the grounds that it is overbroad,
5  unduly burdensome, and unenforceable. (See Morgan v. Napolitano, Case No. 2:12-cv-1287
6  LKK DAD, 2013 U.S. Dist. LEXIS 76295, at *9 (E.D. Cal. May 29, 2013)).  Southwest objects
7  to this request to the extent it seeks information that is protected by attorney-client privilege
8  and/or the attorney work product doctrine.  Subject to, and without waiving the above objections,
9  Southwest has already produced all non-privileged documents in its possession, custody, or
10 control.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS RELATING TO any investigation of the INCIDENT.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Southwest objects to this request on the grounds that it is vague and ambiguous and overly broad as to the term "the INCIDENT". Southwest objects to this request to the extent it seeks information that is protected by attorney-client privilege and/or the attorney work product doctrine.  Southwest objects to this request to produce documents that "presumably capture every document having anything to do with [the incident]" on the grounds that it is overbroad, unduly burdensome, and unenforceable. (See Morgan v. Napolitano, Case No. 2:12-cv-1287 LKK DAD, 2013 U.S. Dist. LEXIS 76295, at *9 (E.D. Cal. May 29, 2013)).  Southwest objects to this request to the extent it seeks information that is protected by attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Southwest responds that after a reasonable and diligent search, Southwest has already produced all non-privileged documents in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 11:

For all of YOUR employees who were on the subject flight or who worked at the gate on

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF
SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW

- 16 -

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone:  (310) 388-4849

1 the date of the INCIDENT, all DOCUMENTS RELATING TO performance evaluations, and

2 workplace and passenger complaints made against them during their employment with YOU.

3 RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

4     Southwest objects to this request on the grounds that it is vague and ambiguous and

5 overly broad as to the terms "the INCIDENT" and "workplace and passenger complaints."

6 Southwest objects to this request to the extent it seeks information that is protected by attorney-

7 client privilege and/or the attorney work product doctrine. Southwest objects to the definition of

8 the terms "YOU" and "YOUR" on the grounds that it includes parties other than Southwest,

9 including attorneys, investigators, consultants, experts and insurance companies. Southwest

10 objects to this request on the grounds that it is oppressive, overly broad and unduly burdensome

11 in that it violates the privacy rights of an employee of Southwest and Plaintiff has failed to show

12 a compelling need or clear relevance. Southwest objects to this request on the grounds that it is

13 oppressive, burdensome, unduly overbroad, and seeks information that is not relevant to the

14 subject matter of this litigation or proportionate to the needs of the case.

15

16 REQUEST FOR PRODUCTION NO. 12:

17     All DOCUMENTS RELATING TO any communication between Elena Karenev and

18 Doug Mueller regarding Plaintiff and the INCIDENT.

19 RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

20     Southwest objects to this request on the grounds that it is vague and ambiguous and

21 overly broad as to the term "the INCIDENT". Southwest objects on the grounds that this request

22 is unduly overbroad, burdensome, oppressive, and seeks information that is not relevant to the

23 subject matter of this litigation or proportionate to the needs of the case. Subject to and without

24 waiving these objections, Southwest responds that after a reasonable and diligent search,

25 Southwest has already produced all non-privileged documents in its possession, custody, or

26 control.

27 //

28 //

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW
- 17 -

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS RELATING TO any communication between YOU and Doug Mueller regarding Plaintiff and the INCIDENT.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Southwest objects to this request on the grounds that it is vague and ambiguous and overly broad as to the term "the INCIDENT". Southwest objects to this request to the extent it seeks information that is protected by attorney-client privilege and/or the attorney work product doctrine. Southwest objects to the definition of the term "YOU" on the grounds that it includes parties other than Southwest, including attorneys, investigators, consultants, experts and insurance companies. Southwest objects on the grounds that this request is unduly overbroad, burdensome, oppressive, and seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case. Subject to and without waiving these objections, Southwest responds that after a reasonable and diligent search, Southwest has already produced all non-privileged documents in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 144:

All DOCUMENTS RELATING TO any communication between YOU and any of YOUR employees regarding the INCIDENT.

RESPONSE TO REQUEST FOR PRODUCTION NO. 144:

Southwest objects to this request on the grounds that it is vague and ambiguous and overly broad as to the term "the INCIDENT". Southwest objects to this request to the extent it seeks information that is protected by attorney-client privilege and/or the attorney work product doctrine. Southwest objects to the definition of the term "YOU" and "YOUR" on the grounds that it includes parties other than Southwest, including attorneys, investigators, consultants, experts and insurance companies. Southwest objects on the grounds that this request is unduly overbroad, burdensome, oppressive, and seeks information that is not relevant to the subject matter of this litigation or proportionate to the needs of the case. Subject to and without waiving these objections, Southwest responds that after a reasonable and diligent search, Southwest has

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

SOUTHWEST AIRLINES CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF SOUTHWEST AND REQUESTS FOR PRODUCTION
CASE NO.: 2:21-CV-00451-DDP-MRW

- 18 -

1  already produced all non-privileged documents in its possession, custody, or control.

3  Dated: February 17, 2022

Respectfully submitted,

By: _____
Richard A. Lazenby
Natasha Mikha Pardasani
Jacqueline D. DeWarr
VICTOR RANE
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

# PROOF OF SERVICE

## CENTRAL DISTRICT OF CALIFORNIA

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 9350 Wilshire Blvd., Ste. 308, Beverly Hills, California 90212. On February 17, 2022, I served the within document as follows:

1. **SOUTHWEST AIRLINES CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT SOUTHWEST AIRLINES, CO. AND REQUEST FOR PRODUCTION OF DOCUMENTS**

☐ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service)**: I caused the above-referenced document(s) to be personally delivered by Nationwide Legal by hand to the person(s) at the address(es) set forth below.

☑ **(By Electronic Service Pursuant to Agreement between the Parties)**: I caused the above-referenced document(s) to be e-mailed to the person(s) at the address(es) set forth below.

**ANAHITA SEDAGHATFAR, ESQ.**
Email: asedaghatfar@cochranfirm.com
Email: DTorres@CochranFirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 17, 2022, at Beverly Hills, California.

*Jost Gallardo*
Jost Gallardo

PROOF OF SERVICE
CASE NO.: 2:21-CV-00451-DDP-MRW