# EXHIBIT 54

1  Richard A. Lazenby (State Bar No.: 202105)
   Email: rlazenby@victorrane.com
2  Natasha Mikha Pardasani (State Bar No.: 270731)
   Email: npardasani@victorrane.com
3  Jacqueline D. DeWarr (State Bar No. 207265)
   Email: jdewarr@victorrane.com
4  VICTOR RANE
   9350 Wilshire Blvd., Suite 308
5  Beverly Hills, California 90212
   Telephone: (310) 388-4849
6  Facsimile: (310) 388-4869

7  Attorneys for Defendants
   SOUTHWEST AIRLINES CO.
8

9                    UNITED STATES DISTRICT COURT
10
                     CENTRAL DISTRICT OF CALIFORNIA
11

12
   ADELENE SANDERS, an individual,        )  Case No.: 2:21-CV-00451-DDP-MRW
13                                         )
               Plaintiff,                  )  **SOUTHWEST AIRLINES CO.'S**
14                                         )  **SECOND SUPPLEMENTAL RESPONSES**
       vs.                                 )  **TO PLAINTIFF'S FIRST SET OF**
15                                         )  **INTERROGATORIES**
   SOUTHWEST AIRLINES CO., a business      )
16  entity of unknown form; and DOES 1 through )
    100, inclusive,                        )
17                                         )
               Defendants.                 )
18  _____)

19      Defendant Southwest Airlines Co. ("Southwest"), by and through its attorneys of record,

20  Victor Rane, hereby provides its second supplemental responses to Plaintiff Adelene Sanders'

21  first set of interrogatories as follows:

22  / /

23  / /

24  / /

25  / /

26  / /

27  / /

28  / /

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

INTERROGATORY NO. 6:

IDENTIFY all passengers present on the subject flight.

RESPONSE TO INTERROGATORY NO. 6:

Southwest objects to this interrogatory on the grounds it violates the privacy rights of persons who are not parties to this litigation. Southwest objects to this interrogatory on the grounds that the requested passenger information is protected from disclosure under 14 C.F.R. § 243.9.  Southwest objects to this interrogatory on the grounds that it is unduly overbroad, burdensome, oppressive, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportionate to the needs of the case.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

*See* SWA000231-691.

INTERROGATORY NO. 7:

IDENTIFY all individuals who allegedly complained about Plaintiff's wardrobe and "sides," and DESCRIBE the complaint.

RESPONSE TO INTERROGATORY NO. 7:

Southwest objects to this interrogatory on the grounds that it is vague and ambiguous as to the terms "complained," and "wardrobe and 'sides.'" Southwest objects to this interrogatory on the grounds it violates the privacy rights of persons who are not parties to this litigation. Southwest objects to this interrogatory on the grounds that passenger information is protected from disclosure under 14 C.F.R. § 243.9.

Subject to, and without waiving the above objections, Southwest responds as follows: Southwest crew believed Plaintiff's wardrobe was not in compliance with Southwest policies. Southwest is continuing to investigate regarding the identity of other individuals.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:

Two African American female passengers seated in the front of the aircraft. One commented to Southwest crew member Elena Karenev something to the effect of "bless your heart" after seeing Plaintiff's wardrobe. Southwest is currently unaware of the identity of these

1  passengers.

2

3  INTERROGATORY NO. 10:

4  DESCRIBE why Plaintiff and her aunt were told to exit the aircraft.

5  RESPONSE TO INTERROGATORY NO. 10:

6  Southwest objects to this interrogatory on the grounds that it is vague and ambiguous and

7  overly broad as to the term "why" and "exit the aircraft." Southwest objects to this interrogatory

8  to the extent it seeks information that is protected by the attorney-client privilege and/or the

9  attorney work product doctrine. Southwest further objects to this interrogatory on the grounds

10 that it requests Southwest to summarize, recreate, and/or restate any applicable written policies,

11 thereby seeking the content or production of documents. Southwest objects to this interrogatory

12 to the extent it seeks confidential, proprietary or trade secret information. Southwest objects to

13 this interrogatory to the extent it seeks Sensitive Security Information ("SSI") under 49 C.F.R.

14 Parts 15 and 1520, which cannot be disclosed without the written permission of the

15 Transportation Security Administration ("TSA").

16 Subject to, and without waiving the above objections, Southwest responds as follows:

17 Plaintiff and her aunt were in violation of Southwest policies and federal law.

18 SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:

19 *See* SWA00020-SWA00022; SWA00077; SWA00081-SWA00085; SWA00097;

20 SWA00099-SWA00100.

21 SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:

22 Pursuant to Southwest policies and federal regulations, Plaintiff and her aunt were

23 deplaned because it was determined that they were, or might be, inimical to safety. Southwest's

24 Contract of Carriage provides that passengers may be removed from a flight if they are

25 disruptive or unruly, which conduct includes but is not limited to: interfering in any way with or

26 disrupting the Crew; verbal confrontation with Crew members or other passengers; any

27 threatening behavior that could affect the safety of the Crew; and other types of disorderly,

28 offensive, threatening, intimidating, or belligerent behavior. Southwest's Ground Operations

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

Manual provides that Southwest may deplane a Customer who may endanger their own or another Customer's health, safety, or comfort because of verbal abuse or disorderly, abusive, offensive, threatening, or intimidating conduct. Southwest's Flight Attendant Manual provides that a Customer may be deplaned if they engage in disruptive or threatening behavior, which includes but is not limited to verbal abuse, shouting, profanity, refusing to respond to requests, being visibly angry and hostile, and being aggravated and venting at a Flight Attendant.

INTERROGATORY NO. 11:

DESCRIBE what Southwest policy upon which YOU relied in demanding Plaintiff and her aunt exit the aircraft.

RESPONSE TO INTERROGATORY NO. 11:

Southwest objects to this interrogatory on the grounds that it is vague and ambiguous as to the term "policy" and "exit the aircraft." Southwest further objects to this interrogatory on the grounds that it requests Southwest to summarize, recreate, and/or restate any applicable written policies, thereby seeking the content or production of documents. Southwest objects to the definition of the term "YOU" on the grounds that it includes parties other than Southwest, including attorneys, investigators, consultants, experts and insurance companies. Southwest objects to this interrogatory to the extent it seeks confidential, proprietary or trade secret information. Southwest objects to this interrogatory to the extent it seeks Sensitive Security Information ("SSI") under 49 C.F.R. Parts 15 and 1520, which cannot be disclosed without the written permission of the Transportation Security Administration ("TSA").

Subject to, and without waiving the above objections, Southwest responds as follows: Southwest will work with Plaintiff to agree to obtain a stipulated protective order to facilitate a production of any applicable policies in effect on the date of the incident, subject to TSA approval.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:

*See* SWA00020-SWA00022; SWA00077; SWA00081-SWA00085; SWA00097; SWA00099-SWA00100.

SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:

Pursuant to Southwest policies and federal regulations, Plaintiff and her aunt were deplaned because it was determined that they were, or might be, inimical to safety. Southwest's Contract of Carriage provides that passengers may be removed from a flight if they are disruptive or unruly, which conduct includes but is not limited to: interfering in any way with or disrupting the Crew; verbal confrontation with Crew members or other passengers; any threatening behavior that could affect the safety of the Crew; and other types of disorderly, offensive, threatening, intimidating, or belligerent behavior. Southwest's Ground Operations Manual provides that Southwest may deplane a Customer who may endanger their own or another Customer's health, safety, or comfort because of verbal abuse or disorderly, abusive, offensive, threatening, or intimidating conduct. Southwest's Flight Attendant Manual provides that a Customer may be deplaned if they engage in disruptive or threatening behavior, which includes but is not limited to verbal abuse, shouting, profanity, refusing to respond to requests, being visibly angry and hostile, and being aggravated and venting at a Flight Attendant.

INTERROGATORY NO. 15:

DESCRIBE all passenger complaints made against any of YOUR employees on board the subject flight.

RESPONSE TO INTERROGATORY NO. 15:

Southwest objects to this interrogatory on the grounds that it is vague and ambiguous as drafted and as to the term "complaints." Southwest further objects to this interrogatory on the grounds that it requests Southwest to summarize, recreate, and/or restate any applicable complaints, thereby seeking the content or production of documents. Southwest objects to this interrogatory on the grounds it violates the privacy rights of persons who are not parties to this litigation.  Southwest objects to the definition of the term "YOUR" on the grounds that it includes parties other than Southwest, including attorneys, investigators, consultants, experts and insurance companies.  Southwest objects to this request on the grounds that it is unduly overbroad, burdensome, oppressive, and seeks irrelevant information that is not reasonably

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

calculated to lead to the discovery of admissible evidence, and is not proportionate to the needs of the case.

Subject to, and without waiving the above objections, Southwest responds as follows: Southwest is unaware of any passenger complaints made against Southwest employees with respect to the subject flight.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:

Pursuant to the stipulation of the parties, this request is limited to complaints of racial discrimination or harassment for the ten years prior to the incident. Southwest responds that none of the Southwest employees onboard the subject flight had a passenger complaint of racial discrimination or harassment in the ten years prior to the incident.

Dated: March 4, 2022

Respectfully submitted,

By: _____
Richard A. Lazenby
Natasha Mikha Pardasani
Jacqueline D. DeWarr
VICTOR RANE
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

SOUTHWEST AIRLINES CO.'S SECOND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES
CASE NO.: 2:21-CV-00451-DDP-MRW

# VERIFICATION

# DEFENDANT SOUTHWEST AIRLINES CO.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Now comes Blake Whaling, being duly sworn, avers and says that he is the Manager Corporate Insurance of Southwest Airlines and is an authorized agent for the purposes of executing this document on its behalf; that he does not have personal knowledge of the matters set forth herein; that statements made herein were prepared by counsel based upon information supplied by employees of Southwest Airlines or other persons who were consulted; and that Southwest Airlines believes such statements are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of March, 2022, at Dallas, Texas.

_____
BLAKE WHALING

SOUTHWEST AIRLINES CO.'S SECOND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES
CASE NO.: 2:21-CV-00451-DDP-MRW