Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Natasha Mikha Pardasani (State Bar No.: 270731)
Email: npardasani@victorrane.com
Nicole A. Poltash (State Bar No. 323420)
Email: npoltash@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

Brian T. Dunn (State Bar No.:176502)
bdunn@cochranfirm.com
Anahita Sedaghatfar (State Bar No.: 217289)
asedaghatfar@cochranfirm.com
THE COCHRAN FIRM CALIFORNIA
4929Wilshire Blvd., Ste. 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff
ADELENE SANDERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELENE SANDERS, an individual, ) <br><br> Plaintiffs, ) <br><br> vs. ) <br><br> SOUTHWEST AIRLINES CO., a Texas ) Corporation; and DOES 1-100, inclusive, ) <br><br> Defendants. ) <br> _____ ) | Case No.: 2:21-CV-00451-DDP-MRW <br><br> **DISPUTED PROPOSED JURY INSTRUCTIONS** <br><br> Pretrial Conference: June 5, 2023 <br> Time: 11:00 a.m. <br> Judge: Dean D. Pregerson <br> Courtroom: 9C |

In accordance with Local Rule 51, the parties submit the following disputed proposed jury instructions.

**INDEX OF DISPUTED JURY INSTRUCTIONS**

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 3927 | AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY | CACI | 6 |
| 3928 | UNUSUALLY SUSEPTIBLE PLAINTIFF | CACI | 10 |
| 1 | PLAINTIFF'S SPECIAL INSTRUCTION NO. 1 - CORPORATE REPRESENTATIVES SPEAK FOR THE CORPORATION | *See* Rule 30(b)(6); "In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic. The designee testifies on behalf of the corporation and thus holds it accountable. *Adidas Am., Inc. v. TRB Acquisitions Ltd. Liab. Co.*, 324 F.R.D. 389, 394 (D. Or. 2017) (citing *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006)). Under this rule, "companies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id.* | 14 |

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

| 3945 | PUNITIVE DAMAGES ENTITY DEFENDANT-TRIAL NOT BIFURCATED | CACI | 17 |
|---|---|---|---|
| 2.5 | TRANSCRIPT OF RECORDING IN ENGLISH | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition, last updated March 2023) | 22 |
| 1 | SOUTHWEST'S SPECIAL INSTRUCTION NO. 1 – REMOVAL WAS LAWFUL | Court's Order on Motion for Summary Judgment, dated May 19, 2023; 49 U.S.C. §§ 40101, 41702, 44902; *Cordero v. Cia Mexicana de Aviacion, S.A.*, 681 F.2d 669, 672 (9th Cir. 1982); *Lu v. Airtran Airways, Inc.*, 631 Fed. Appx. 657, 661 (11th Cir. Oct. 6, 2015); *Cerqueira v. American Airlines, Inc.*, 520 F.3d 1, 11, 13-14 (1st Cir. 2008); *Karrani v. JetBlue Airways Corp.*, No. C18-1510 RSM, 2019 WL 3458536, 2019 U.S. Dist. LEXIS 127944, at *14-15 (W.D. Wash. July 31, 2019) (*quoting Shaffy v. United Airlines, Inc.*, 360 F. App'x 729, 730 (9th Cir. 2009); *Cintron v. Jetblue Airways Corp.*, 324 F. Supp. 3d 248, 255 (D. Mass. 2018) | 28 |
| 2 | SOUTHWEST'S SPECIAL INSTRUCTION NO. 2 CONTRACT OF CARRIAGE (INCORPORATION BY REFERENCE) | 14 C.F.R. § 253.1, 14 C.F.R. § 253.4,  14 C.F.R. § 253.5; *see, e.g., Dennis v. Delta Air Lines, Inc.*, No. 10-CV-973 DLI LB, 2011 U.S. Dist. LEXIS 111903, 2011 WL 4543487, at *3 (E.D.N.Y. Sept. 29, 2011) | 33 |

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

|  |  |  |  |
|---|---|---|---|
|  |  | (rejecting argument that passenger was not bound by contract terms that were validly incorporated into ticket by reference even though passenger did not review the terms); *Reed v. Delta Airlines, Inc*., No. 10 CIV. 1053 JGK, 2011 U.S. Dist. LEXIS 29872, 2011 WL 1085338, at *3 (S.D.N.Y. Mar. 23, 2011) (finding that "Delta's International Conditions of Carriage were incorporated by reference in Delta's contract of carriage with the plaintiff, and are therefore enforceable as part of the contract") |  |
| 3 | SOUTHWEST'S SPECIAL INSTRUCTION NO. 3 – FEDERAL AVIATION LAW ON ALCOHOL | 14 C.F.R. § 121.575(a); 14 C.F.R. § 135.121(a); *see US Airways, Inc. v. O'Donnell*, 627 F.3d 1318, 1325 (10th Cir. 2010) (holding that the regulation of an airline's alcoholic beverage service necessarily implicates the field of airline safety); *Manfredonia v. Am. Airlines, Inc*., 416 N.Y.S.2d 286, 291 (App. Div. 2nd Dept. 1979) (the statute "is instinct with a pervasive interest in safety of the passengers . . . . [a]n intoxicated passenger may pose a serious threat to the safety of all on the aircraft") | 37 |
| 4 | SOUTHWEST'S SPECIAL INSTRUCTION NO. 4 ASSESSMENT OF DAMAGES | Court's Order on Motion for Summary Judgment, dated May 19, 2023 | 40 |

| 5.3 | DAMAGES – MITIGATION | Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition, last updated March 2023) | 43 |
|---|---|---|---|
| 3946 | PUNITIVE DAMAGES— ENTITY DEFENDANT— BIFURCATED TRIAL (FIRST PHASE) | CACI | 45 |

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**PLAINTIFF'S PROPOSED INSTRUCTIONS**

**3927-AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

[*Name of plaintiff*] is not entitled to damages for any physical or emotional condition that [he/she/*nonbinary pronoun*] had before [*name of defendant*]'s conduct occurred.

However, if [*name of plaintiff*] had a physical or emotional condition that was made worse by [*name of defendant*]'s wrongful conduct, you must award damages that will reasonably and fairly compensate [him/her/*nonbinary pronoun*] for the effect on that condition.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Plaintiff's Statement in Support**

This is a CACI instruction applicable to this case if the Court allows evidence of any pre-existing emotional distress Plaintiff sustained prior to the incident at issue in this case. *See Sanchez v. Kern Emergency Med. Transp. Corp.*, (2107) 8 Cal. App. 5th 146, 168 ("[A] tortfeasor may be held liable in an action for damages where the effect of his negligence is to aggravate a preexisting condition or disease. Plaintiff may recover to the full extent that his condition has worsened as a result of defendant's tortious act." )

Defendant's objections to this instruction are perplexing. Namely, Defendant has identified on its witness list  Frederick Chu, PsyD, who Defendant contends was a  treating provider of Plaintiff  for a 2015 assault to which she was subjected. Defendant states it wants to elicit testimony about "treatment of Plaintiff prior to the subject incident, in 2015, including with respect to her physical and mental condition prior to the incident."  (Plaintiff clearly will object to any testimony of Plaintiff's "physical" condition as she has not placed that at issue in this case as has been fully briefed in various discovery motions. Moreover, such evidence is irrelevant and violates Plaintiff's statutory and constitutional right to privacy and the physician-patient privilege). Defendant also identifies on its witness list Jonson Job Lin, MD, who Defendant contends was Plaintiff's general practitioner—a medical doctor.  Defendant states it wants to elicit testimony about "the treatment of Plaintiff prior to the subject incident, in 2015, including with respect to her physical and mental condition prior to the incident." (For the same reasons stated above, Plaintiff clearly will object to any testimony of Plaintiff's "physical" condition).

To the extent this Court allows in any such evidence, Plaintiff is entitled to the above instruction.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Southwest's Statement in Opposition**

Southwest objects to this instruction because in discovery responses Plaintiff stated that she sustained major depressive disorder, anxiety disorder and PTSD as a result of the incident and did not disclose any prior diagnoses of these conditions. When Southwest discovered at Plaintiff's deposition that Plaintiff had indeed sustained depression and anxiety (and possibly PTSD) as a result of a prior incident around 2015, Southwest asked Plaintiff for any information she could provide regarding that prior treatment. Plaintiff could not recall any details of the providers except that they treated her at Foothills Psychological Services. Plaintiff did not supplement her disclosures or discovery responses to include any preexisting condition and did not produce the prior records from Foothills.

Southwest had already served a subpoena for all of Plaintiff's treatment records at Foothills, so Southwest followed up with the facility to obtain the prior records, which the facility claimed did not exist. Upon a further review of its records, Foothills produced billing records which had never before been produced by either Plaintiff or Foothills. A review of the billing records revealed the names of Plaintiff's treating providers from 2015. Southwest subsequently served subpoenas on the two treating providers listed in the billing records as having treated Plaintiff in 2015.

When Foothills refused to produce the records on behalf of the two providers because Plaintiff had not authorized them to release the records, Plaintiff refused to sign a HIPAA release form. Plaintiff's efforts to hide and/or suppress her preexisting conditions should preclude this instruction.

Further, as noted in Southwest's MIL No. 1, the treating providers Plaintiff saw following the incident made no effort to inquire about any prior history of anxiety, depression or PTSD and admitted at deposition that they were unaware of her 2015 treatment for these conditions. As Plaintiff has not retained an expert to conduct a forensic examination of her and ascertain how much of her emotional

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1  distress was caused by Southwest's conduct and how much was emotional distress

2  that would have developed regardless of Southwest's actions due to the natural

3  course and history of Plaintiff's preexisting conditions, jurors will not be able to

4  determine whether the subject incident aggravated any preexisting condition.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**3928- UNUSUALLY SUSEPTIBLE PLAINTIFF**

You must decide the full amount of money that will reasonably and fairly compensate [*name of plaintiff*] for all damages caused by the wrongful conduct of [*name of defendant*], even if [*name of plaintiff*] was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

1

**Plaintiff's Statement in Support**

2

3        This is a CACI instruction applicable to this case if the Court allows

4   evidence of any pre-existing emotional distress, prior medical conditions, past

5   stressors, or any factors that might show Plaintiff to be more susceptible. See

6   *Rideau v. L.A. Transit Lines*, (1954) 124 Cal. App. 2d 466, 471, "The tortfeasor

7   takes the person he injures as he finds him.  If, by reason of some preexisting

8   condition, his victim is more susceptible to injury, the tortfeasor is not thereby

    exonerated from liability."

9        Defendant's objections to this instruction are perplexing. Namely, Defendant

10  has identified on its witness list  Frederick Chu, PsyD, who Defendant contends

11  was a  treating provider of Plaintiff  for a 2015 assault to which she was subjected.

12  Defendant states it wants to elicit testimony about "treatment of Plaintiff prior to

13  the subject incident, in 2015, including with respect to her physical and mental

14  condition prior to the incident."  (Plaintiff clearly will object to any testimony of

15  Plaintiff's "physical" condition as she has not placed that at issue in this case as

16  has been fully briefed in various discovery motions. Moreover, such evidence is

17  irrelevant and violates Plaintiff's statutory and constitutional right to privacy and

18  the physician-patient privilege). Defendant also identifies on its witness list Jonson

19  Job Lin, MD, who Defendant contends was Plaintiff's general practitioner—a

20  medical doctor.  Defendant states it wants to elicit testimony about "the treatment

21  of Plaintiff prior to the subject incident, in 2015, including with respect to her

22  physical and mental condition prior to the incident." (For the same reasons stated

23  above, Plaintiff clearly will object to any testimony of Plaintiff's "physical"

24  condition).

25        To the extent this Court allows in any such evidence of pre-existing

26  emotional distress, prior medical conditions, past stressors, or any factors that

27  might show Plaintiff to be somehow more susceptible, Plaintiff is entitled to the

28  above instruction.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Southwest's Statement in Opposition**

Southwest objects to this instruction because in discovery responses Plaintiff stated that she sustained major depressive disorder, anxiety disorder and PTSD as a result of the incident and did not disclose any prior diagnoses of these conditions. When Southwest discovered at Plaintiff's deposition that Plaintiff had indeed sustained depression and anxiety (and possibly PTSD) as a result of a prior incident around 2015, Southwest asked Plaintiff for any information she could provide regarding that prior treatment. Plaintiff could not recall any details of the providers except that they treated her at Foothills Psychological Services. Plaintiff did not supplement her disclosures or discovery responses to include any preexisting condition and did not produce the prior records from Foothills.

Southwest had already served a subpoena for all of Plaintiff's treatment records at Foothills, so Southwest followed up with the facility to obtain the prior records, which the facility claimed did not exist. Upon a further review of its records, Foothills produced billing records which had never before been produced by either Plaintiff or Foothills. A review of the billing records revealed the names of Plaintiff's treating providers from 2015. Southwest subsequently served subpoenas on the two treating providers listed in the billing records as having treated Plaintiff in 2015.

When Foothills refused to produce the records on behalf of the two providers because Plaintiff had not authorized them to release the records, Plaintiff refused to sign a HIPAA release form. Plaintiff's efforts to hide and/or suppress her preexisting conditions should preclude this instruction.

Further, as noted in Southwest's MIL No. 1, the treating providers Plaintiff saw following the incident made no effort to inquire about any prior history of anxiety, depression or PTSD and admitted at deposition that they were unaware of her 2015 treatment for these conditions. As Plaintiff has not retained an expert to conduct a forensic examination of her and ascertain how much of her emotional

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

distress was caused by Southwest's conduct and how much was emotional distress that would have developed regardless of Southwest's actions due to the natural course and history of Plaintiff's preexisting conditions, jurors will not be able to determine whether the subject incident aggravated any preexisting condition.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

DISPUTED PROPOSED JURY INSTRUCTIONS
CASE NO.: 2:21-CV-00451-DDP-MRW

- 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Plaintiff's Special Instruction No. 1 - Corporate Representatives Speak For The Corporation**

Corporate parties such as Southwest Airlines Co. have an obligation under Rule 30(b)(6) to present corporate representatives capable of providing testimony on certain designated topics. The corporate representative presents the corporation's "position" on the topic and thus testifies on behalf of the corporation. In a deposition where the corporate representative is providing testimony, there is no distinction between the corporate representative and the corporation, and the testimony of the corporate representative binds the company.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Plaintiff's Statement in Support**

Plaintiff request this jury instruction because there will be two witnesses who will testify at trial (Sara Vandermark and Mary Noel Hennes) who were designated at deposition by Southwest as Rule 30(b)(6) persons most knowledgeable. The jury should be instructed that these individuals testified at deposition on behalf of Defendant (a corporation) and will be doing so at trial. Especially to the extent the deposition will be used at trial for impeachment, or any other purpose.

Sources: *See* Rule 30(b)(6); "In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic. The designee testifies on behalf of the corporation and thus holds it accountable. *Adidas Am., Inc. v. TRB Acquisitions Ltd. Liab. Co.*, 324 F.R.D. 389, 394 (D. Or. 2017) (citing *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006)). Under this rule, "companies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Southwest's Statement in Opposition**

Southwest objects to this instruction, as it is unnecessary and likely to confuse jurors. It describes Rule 30(b)(6), which is a discovery tool to find out where information, documents and witnesses are within a corporation, but it is not a substitute for the Federal Rules of Evidence. Further, the testimony of a witness who was previously designated under Rule 30(b)(6) at a deposition is not automatically admissible at trial.

**Southwest's Proposed Alternate Instruction:**

Corporate Representatives Speak For The Corporation

Corporate parties such as Southwest Airlines Co. have an obligation to present corporate representatives capable of providing testimony on certain designated topics. The corporate representative presents the corporation's "position" on the topic and thus testifies on behalf of the corporation. In a deposition where the corporate representative is providing testimony, there is no distinction between the corporate representative and the corporation, and the testimony of the corporate representative binds the company on the previously designated topics.

A corporate representative is just that – a representative designated for purposes of obtaining information from a corporation during litigation. A corporate representative is not necessarily an "officer, director or managing agent" of a corporation.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**CACI 3945. Punitive Damages Entity Defendant- Trial Not Bifurcated**

If you decide that [*name of defendant*]'s conduct caused [*name of plaintiff*] harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against [*name of defendant*] only if [*name of plaintiff*] proves that [*name of defendant*] engaged in that conduct with malice, oppression, or fraud. To do this, [*name of plaintiff*] must prove [one of] the following by clear and convincing evidence:

- 1.[That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of [*name of defendant*], who acted on behalf of [*name of defendant*]; [or]]

- 2.[That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of [*name of defendant*]; [or]]

- 3.[That one or more officers, directors, or managing agents of [*name of defendant*] knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.]

"Malice" means that [*name of defendant*] acted with intent to cause injury or that [*name of defendant*]'s conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that [*name of defendant*]'s conduct was despicable and subjected [*name of plaintiff*] to cruel and unjust hardship in knowing disregard of [his/her/*nonbinary pronoun*] rights.

---

1   "Despicable conduct" is conduct that is so vile, base, or contemptible that it

2   would be looked down on and despised by reasonable people.

3   "Fraud" means that [*name of defendant*] intentionally misrepresented or

4   concealed a material fact and did so intending to harm [*name of plaintiff*].

5   An employee is a "managing agent" if the employee exercises substantial

6   independent authority and judgment in corporate decision making such that the

7   employee's decisions ultimately determine corporate policy.

8   There is no fixed formula for determining the amount of punitive damages,

9   and you are not required to award any punitive damages. If you decide to award

10   punitive damages, you should consider all of the following factors in determining

11   the amount:

12   - (a)How reprehensible was [*name of defendant*]'s conduct? In deciding how

13      reprehensible [*name of defendant*]'s conduct was, you may consider, among

14      other factors:

15      o 1.Whether the conduct caused physical harm;

16      o 2.Whether [*name of defendant*] disregarded the health or safety of

17         others;

18      o 3.Whether [*name of plaintiff*] was financially weak or vulnerable and

19         [*name of defendant*] knew [*name of plaintiff*] was financially weak or

20         vulnerable and took advantage of [him/her/*nonbinary pronoun*/it];

21      o 4.Whether [*name of defendant*]'s conduct involved a pattern or

22         practice; and

23      o 5.Whether [*name of defendant*] acted with trickery or deceit.

24   - (b)Is there a reasonable relationship between the amount of punitive

25      damages and [*name of plaintiff*]'s harm [or between the amount of punitive

26      damages and potential harm to [*name of plaintiff*] that [*name of defendant*]

knew was likely to occur because of [his/her/*nonbinary pronoun*/its] conduct]?

- (c)In view of [*name of defendant*]'s financial condition, what amount is necessary to punish [him/her/*nonbinary pronoun*/it] and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because [*name of defendant*] has substantial financial resources. [Any award you impose may not exceed [*name of defendant*]'s ability to pay.]

[Punitive damages may not be used to punish [*name of defendant*] for the impact of [his/her/*nonbinary pronoun*/its] alleged misconduct on persons other than [*name of plaintiff*].]

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Plaintiff's Statement in Support**

Plaintiff proposes this CACI jury instruction because the trial is not bifurcated as to liability and damages. Defendant has never filed any motion seeking bifurcation of the damages phase of trial, has never met and conferred with Plaintiff on the issue of bifurcation, and Plaintiff would oppose any untimely motion made to bifurcate due to overlap of the facts and issues related to IIED and punitive damages.

**Southwest's Statement in Opposition**

Southwest objects to the instruction relating to a non-bifurcated trial. It is Southwest's position that trial should be bifurcated on the issue of punitive damages, pursuant to Section 3295(d) of the California Civil Code. Plaintiff failed to allege facts supporting punitive damages in her Complaint, and conducted no discovery on the issue of punitive damages, including as to whether there was malice, oppression or fraud, or whether any such conduct was carried out or ratified by an officer, director or managing agent of Southwest. The Court should preclude the admission of evidence of profits or financial condition unless the jury returns a verdict for Plaintiff awarding actual damages and finds that Southwest is guilty of malice, oppression, or fraud.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

DISPUTED PROPOSED JURY INSTRUCTIONS
CASE NO.: 2:21-CV-00451-DDP-MRW

**SOUTHWEST'S PROPOSED INSTRUCTIONS**

**2.5 TRANSCRIPT OF RECORDING IN ENGLISH**

You have watched a recording that has been received in evidence. Each of you was given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling. Now that the recording has been played, the transcript will be taken from you.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Southwest Statement in Support**

The instruction is intended to accompany introduction of the synchronized compilation video created by Southwest's retained expert David Notowitz. Plaintiff filed a motion in limine seeking to exclude the video on the basis that jurors do not need a transcript created by Notowitz because they can listen to the video. But as Southwest's opposition to that motion noted, the video has the background noise of the aircraft and often involves multiple people speaking over one another with numerous other voices in the background. The transcript is necessary to assist the jurors and avoid the waste of time at trial associated with playing each portion of the video countless times to provide jurors an opportunity to listen to each different voice. The Ninth Circuit model jury instruction explains to jurors that the transcript is merely a guide.

Plaintiff's Opposing Statement below cites case law that argues parties should be entitled to highlight perceived inaccuracies and/or introduce alternate versions. As noted in Southwest's Opposition to Plaintiff's Motion in Limine No. 1, Plaintiff has had plenty of time, and in fact still has time to do so, and has only highlighted a single word in the transcript with which she disagrees (in her Opposition to Summary Judgment).

Source: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition, last updated March 2023).

**Plaintiff Statement in Opposition**

This jury instruction is inapplicable and Plaintiff objects to it.

First, the "compilation video," (for which Defendant seeks this instruction), is the subject of Plaintiff's Motion in Limine 1).

Second, this instruction does not apply as Defendant has not produced any "transcript." Namely, the subtitles, time stamps, audio enhancements and muting of certain portions of the compilation video undertaken by Defendant's purported designated expert David Notowitz are not "transcripts." The subtitles by Mr. Notowitz purporting to identify who on the video is saying what is also not a "transcript." As for the governing authority related to this instruction, Courts address admission of *transcripts*, "[w]e review steps taken to ensure the accuracy of the transcripts: whether the court reviewed the transcript for accuracy; whether defense counsel was allowed to highlight alleged inaccuracies and to introduce alternative versions; whether the jury was instructed that the tape, rather than the transcript, was evidence; and whether the jury was allowed to compare the transcript to the tape and hear counsel's arguments as to the meaning of the conversations. *See United States v. Chen,* 754 F.2d 817, 824 (9th Cir.), *cert. denied,* 471 U.S. 1139, 86 L. Ed. 2d 701, 105 S. Ct. 2684 (1985). *United States v. Armijo,* 5 F.3d 1229, 1234 (9th Cir. 1993).

**Southwest's Special Instruction No. 1 – REMOVAL WAS LAWFUL**

The Federal Aviation Act permits an air carrier, such as Southwest Airlines, to exercise its discretion to refuse transportation of a passenger the carrier decides is, or might be, inimical to safety.

"Inimical" means tending to obstruct or harm; adverse in tendency or effect; unfavorable.

The law gives airlines broad discretion in making boarding decisions related to safety, as safety is the highest priority in air transportation. The airline need not decide that the passenger is inimical to safety; the discretion extends to situations in which the airline decides the passenger "might be" inimical to safety. In other words, the law requires only a possibility that carriage of the passenger creates a safety concern, even if the matter seems innocuous to the average person.

In this case, the Court has determined that Southwest Airlines acted reasonably in determining that Plaintiff Adelene Sanders posed as safety risk, and that Southwest's removal of Plaintiff was in accordance with federal law. This means that, in deciding whether Plaintiff has established that Southwest's conduct was extreme and outrageous, you can only consider Southwest's conduct unrelated to safety concerns and apart from Plaintiff's removal from the aircraft.

Specifically, in deciding whether Southwest's conduct was extreme and outrageous, you can **only** consider Southwest's conduct prior to [Flight Attendant Elena Karenev asking Plaintiff's aunt what was in her to-go cup][Flight Attendant Elena Karenev asking Plaintiff if she had something with which to cover her outfit after seeing two passengers and the First Officer taken aback by Plaintiff's outfit][Plaintiff stating to Flight Attendant Elena Karenev that she would not cover her attire even if she had something to cover up with]. You will see that evidence on video. Southwest's conduct after this point related to lawful safety concerns,

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1   and such cannot be considered by you in your deliberations.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Southwest Statement in Support**

The instruction is necessary to explain to the jury the Court's ruling on Southwest's Motion for Summary Judgment. The Court held that, "[g]iven Plaintiff's incontrovertible defiance of crewmember requests and attempt to rally other passengers to join her in opposition to Southwest crew, there can be no genuine dispute that Southwest reasonably determined that Plaintiff might pose a safety risk if permitted to remain onboard." (Dkt. No. 136, Order dated May 19, 2023 ("MSJ Order") 12:8-12). The Court dismissed Plaintiff's racial discrimination claims and all of her state claims except for IIED "to the extent Plaintiff's IIED claim is based on Southwest's conduct unrelated to safety concerns, and apart from Plaintiff's removal from the plane." (MSJ Order 15:3-6). Merely informing the jury that removal was proper, without context or explanation, may cause speculation and would be prejudicial to Southwest.

Plaintiff's position below, that the jury should only be instructed "that Plaintiff cannot seek damages based on the act of her removal" and that there should be no mention Plaintiff posed a potential safety risk must be rejected. It is Southwest's position that, based on the Court's MSJ Order, Plaintiff is precluded from recovering damages on the basis of any conduct related to safety concerns and removal.

The problem with Plaintiff's proposal is that, by omitting the explanation for her removal, it would essentially allow Plaintiff to negate the Court's finding that she did pose a safety risk and it would preclude Southwest from presenting a defense.

Plaintiff had already told Elena Karenev she would not comply with the request to cover up, and Southwest brought in a Customer Service Supervisor who offered to go to the store to find a solution for Plaintiff. That same conduct is being alleged as harassment by Plaintiff. But what Plaintiff characterizes as harassment, Southwest characterizes as trying to solve a problem and enable Plaintiff to fly.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

It would be confusing to a jury to allow Plaintiff to argue that she was the victim of intentional infliction of emotional distress while at the same time the Court found she was conducting herself in a manner that justified her removal from the aircraft as a safety risk. For example, the Court talks about her refusal to cover up, and her attempting to rally other passengers as bases for her lawful removal. During this same time, Plaintiff is alleging that she was a victim and that Southwest was harassing her.

Sources:  Court's Order on Motion for Summary Judgment, dated May 19, 2023; 49 U.S.C. §§ 40101, 41702, 44902; *Cordero v. Cia Mexicana de Aviacion, S.A.*, 681 F.2d 669, 672 (9th Cir. 1982); *Lu v. Airtran Airways, Inc.*, 631 Fed. Appx. 657, 661 (11th Cir. Oct. 6, 2015); *Cerqueira v. American Airlines, Inc.*, 520 F.3d 1, 11, 13-14 (1st Cir. 2008); *Karrani v. JetBlue Airways Corp.*, No. C18-1510 RSM, 2019 WL 3458536, 2019 U.S. Dist. LEXIS 127944, at *14-15 (W.D. Wash. July 31, 2019) (*quoting Shaffy v. United Airlines, Inc.*, 360 F. App'x 729, 730 (9th Cir. 2009); *Cintron v. Jetblue Airways Corp.*, 324 F. Supp. 3d 248, 255 (D. Mass. 2018).

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

- 28 -

DISPUTED PROPOSED JURY INSTRUCTIONS
CASE NO.: 2:21-CV-00451-DDP-MRW

**Plaintiff Statement in Opposition**

Plaintiff objects to this highly inflammatory and improper instruction for multiple reasons. This instruction as framed takes excessive liberty with respect to the Court's ruling on Defendant's MSJ, it is irrelevant, will cause juror confusion, is highly prejudicial to Plaintiff and will serve to improperly dispose of Plaintiff's entire IIED claim.

The Court's MSJ ruling stated: "The determination whether Southwest's conduct, *apart from the decision to remove Plaintiff from the aircraft*, rose to the level of "extreme and outrageous" is best left to the jury rather than to this Court. The court finds that the proper way to reconcile these interests is to instruct the jury that as a matter of law, the captain's decision to remove Plaintiff from the aircraft was lawful, *and that Plaintiff may not recover damages flowing from her removal*. . . The motion is denied with respect to the IIED claim, *insofar as that claim is based upon conduct other than Southwest's decision to remove Plaintiff from the aircraft*." (emphasis added)

The entirety of the jury instruction should be just what the Court held in its ruling –that Plaintiff may not recover damages flowing from her removal. There should be no instruction stating to the jury that Plaintiff posed a "safety" risk "might have posed a safety risk, was or might be "inimical" to safety (or even providing a definition of this term to the jury), or that the reason for her removal was safety concerns, as Defendant proposes. Such instruction will mislead and taint the jury as to everything else that transpired during this incident (unrelated to Plaintiff's removal). Moreover, this Court did not rule, and it is highly prejudicial and confusing to instruct the jury that "you can only consider Southwest's conduct *unrelated to safety concerns*," as Defendant proposes.  How is a jury to decipher what of Southwest's conduct was "unrelated" or related to safety concerns, even if that was this Court's ruling? Indeed the only act, under this Court's ruling, that was purportedly related to safety concerns was the *removal of Plaintiff*, and for that the

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

jury is being instructed Plaintiff cannot seek damages.

On the due date for the instructions to be filed with the Court, and without any meet and confer, Defendant added the bracketed language to the proposed instruction, now asking the Court to further instruct the jury as to artificial lines of demarcation as to what can and cannot be considered by the jury as to what is "extreme" and "outrageous." Again, this is highly prejudicial, confusing and in fact makes no sense. For example, if the jury is instructed not to consider "anything that happened after" Karenev snatched and smelled the cup, or after Karenev made statement XYZ, or after Karenev was "taken aback" by Plaintiff's outfit, as possible outrageous or extreme conduct, would that mean that if Karenev (after any of these lines of demarcation) were to have slapped Plaintiff in the face, the jury would not be able to consider that? Defendant proposes that the Court instruct the jury essentially that Plaintiff was a safety risk, that Kareven was so fearful of Plaintiff, and because of that, nothing else Karenev or Southwest did, no matter how egregious, should not be considered by the jury because everything was related to her fear for safety. This is improper.

Lastly, instructing the jury, as Defendant proposes, that "You can **only** (the bold is in original proposed instruction which in and of itself is also improper and prejudicial) consider Southwest's conduct up until Plaintiff informed a Southwest flight attendant that she would not cover her attire even if she had something to cover up with. All conduct after this point related to the safety of the aircraft and Plaintiff's removal from the aircraft and cannot be considered by you in your deliberations" is also so far beyond the Court's MSJ ruling, is prejudicial and will purport to entirely improperly gut Plaintiff's IIED and punitive damages claim. There is no basis to make this the line of demarcation as to what the jury can or cannot consider as it relates to Defendant's extreme and outrageous conduct. The Court acknowledged in its ruling on MSJ that "Plaintiff's claim for IIED is not predicated entirely on the *denial of passage* on the airplane. Plaintiff alleges that

1   she was humiliated and harassed even prior to her removal from the plane, and that

2   Southwest knew that such treatment would or was likely to cause Plaintiff severe

3   emotional distress." Again, the jury should only be instructed that Plaintiff cannot

4   seek damages based upon *the act of her removal*. Everything else that Defendant

5   did to Plaintiff is fair game for the jury to consider, otherwise this opens the door

6   for Plaintiff to be permitted to go through each and every action of Karenev and

7   Southwest and have the jury decide if that action was related to "safety" or not.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Southwest's Special Instruction No. 2 CONTRACT OF CARRIAGE (INCORPORATION BY REFERENCE)**

A contract of carriage is a binding and enforceable agreement between the passenger and an airline.  Pursuant to federal law, an airline is permitted to incorporate the terms of its contract of carriage by reference (*i.e.,* without stating the full text of the terms) in a ticket (including electronic ticket or e-ticket) or another document that is provided to the passenger as part of the reservation process, if the airline provides notice to the passenger that the contract of carriage applies and makes the full text of the contract of carriage available to the passenger free of charge (*e.g.,* on its website, ticket counter, and/or sent to passenger upon request).  A passenger is bound by all terms of the contract of carriage that was incorporated by reference regardless of whether she actually read the contract of carriage.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Southwest Statement in Support**

The instruction is necessary to explain to jurors that passengers are bound by the terms of an airline's contract of carriage even if they do not read the terms and even if the full text of the terms are not included on the passenger's ticket. Southwest's Contract of Carriage provides that Southwest may, in its sole discretion, remove passengers who: refuse to comply with Crew instructions; engage in "[v]erbal confrontation with Crew Members or other passengers"; engage "in lewd, obscene, or patently offensive behavior, including wearing clothes that are lewd, obscene, or patently offensive"; and engage in "[o]ther types of riotous, disorderly, offensive, threatening, intimidating, violent, or belligerent behavior," including screaming.

Sources:  14 C.F.R. § 253.1, 14 C.F.R. § 253.4,  14 C.F.R. § 253.5; *see, e.g., Dennis v. Delta Air Lines, Inc.*, No. 10-CV-973 DLI LB, 2011 U.S. Dist. LEXIS 111903, 2011 WL 4543487, at *3 (E.D.N.Y. Sept. 29, 2011) (rejecting argument that passenger was not bound by contract terms that were validly incorporated into ticket by reference even though passenger did not review the terms); *Reed v. Delta Airlines, Inc*., No. 10 CIV. 1053 JGK, 2011 U.S. Dist. LEXIS 29872, 2011 WL 1085338, at *3 (S.D.N.Y. Mar. 23, 2011) (finding that "Delta's International Conditions of Carriage were incorporated by reference in Delta's contract of carriage with the plaintiff, and are therefore enforceable as part of the contract").

- 33 -

**Plaintiff Statement in Opposition**

Plaintiff objects to this instruction as in order for the above to arguably apply, there are facts Defendant must seek to establish at trial, not by way of a jury instruction. None of the cases cited by Defendant (both are non binding) bear on the propriety of such a jury instruction, and in fact those cases hold that predicate facts must be established before a contract of carriage is binding.

*Dennis v. Delta Air Lines, Inc.*, No. 10-CV-973 DLI LB, 2011 U.S. Dist. LEXIS 111903, 2011 WL 4543487, at *3 (E.D.N.Y. Sept. 29, 2011), cited by Defendant, has nothing to do with jury instructions. Rather, the court had before it, on a Motion for Summary Judgment, *facts establishing* that the "Plaintiff booked her airline ticket on orbitz.com, which includes a 'Notice of Incorporated Terms of Contract' that specifically states that air transportation 'is subject to the individual terms of the transporting air carriers, which are herein incorporated by reference and made part of the contract of carriage.' Furthermore, a copy of the Rules was available for public inspection at LaGuardia Airport, which provided notice to passengers of the incorporated conditions of carriage." Based on these established facts, the court held "by making a copy of the Rules available to passengers at LaGuardia Airport and providing notice to Plaintiff when she purchased her ticket on orbitz.com, the court agrees with the magistrate judge that Defendant complied with federal regulations for incorporating terms into the contract of carriage."

Similarly, in *Reed v. Delta Airlines, Inc.*, 2011 U.S. Dist. LEXIS 29872, at *8 (S.D.N.Y. Mar. 23, 2011) the court was ruling on a Motion for Summary Judgment and *had facts establishing* "Delta's International Conditions of Carriage were incorporated by reference in Delta's contract of carriage with the plaintiff, and are therefore enforceable as part of the contract. In compliance with the requirements for incorporating terms into contracts of carriage under the Code of Federal Regulations, Delta made its International Conditions of Carriage available for public inspection at JFK Airport, and provided a "ticket notice" at check-in

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

counters to advise passengers of the existence of incorporated conditions of carriage and to notify passengers that they could request full copies of the conditions from Delta.

Lastly, the language "[o]ther types of riotous, disorderly, offensive, threatening, intimidating, violent, or belligerent behavior," including screaming" is part of the provision allowing Southwest to *remove passengers*. Adding this language as part of any such instruction is prejudicial and again, improperly touches upon the "safety" issue, which should not be addressed to the jury at trial. If this instruction is given, Plaintiff should be permitted to adduce evidence that she was not a safety risk, and was not exhibiting such behavior and rather Kareven and Southwest  improperly tried to accuse Plaintiff of this after the fact and  as pretext.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

DISPUTED PROPOSED JURY INSTRUCTIONS
CASE NO.: 2:21-CV-00451-DDP-MRW

**Southwest's Special Instruction No. 3 – FEDERAL AVIATION LAW ON ALCOHOL**

Federal law governs many aspects of air travel, including rules regarding passenger consumption of alcohol onboard an aircraft. Federal law prohibits airlines from allowing passengers to board with alcohol in order to drink that alcohol during flight. The only alcohol that passengers may consume in flight is alcohol that has been served by the cabin crew. The purpose of this law is to promote airline and passenger safety.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Southwest Statement in Support**

This instruction explains the federal law governing both Southwest's policy with respect to alcohol brought onboard aircraft and Flight Attendant Elena Karenev's conversation with Plaintiff and her aunt regarding the contents of Plaintiff's aunt's to-go cup during boarding.

Sources: 14 C.F.R. § 121.575(a); 14 C.F.R. § 135.121(a); *see US Airways, Inc. v. O'Donnell*, 627 F.3d 1318, 1325 (10th Cir. 2010) (holding that the regulation of an airline's alcoholic beverage service necessarily implicates the field of airline safety); *Manfredonia v. Am. Airlines, Inc*., 416 N.Y.S.2d 286, 291 (App. Div. 2nd Dept. 1979) (the statute "is instinct with a pervasive interest in safety of the passengers . . . . [a]n intoxicated passenger may pose a serious threat to the safety of all on the aircraft").

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

DISPUTED PROPOSED JURY INSTRUCTIONS
CASE NO.: 2:21-CV-00451-DDP-MRW

- 37 -

**Plaintiff Statement in Opposition**

On the due date for the instructions to be filed with the Court, and without any meet and confer, Defendant added this instruction.

Plaintiff objects that this instruction is prejudicial and improper. These are facts that Defendant can illicit via testimony at trial if it so chooses. The implication with this instruction is that Plaintiff and/or her aunt in fact were or were thought to be intoxicated (which they were not and which Kareven admits in deposition she did not have any reason to believe), and/or that they posed some safety risk. As Defendant's cases and instruction state, the purpose of this law is to promote airline and passenger safety. The issue of safety should not be part of any instruction to the jury for the reasons stated above.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

DISPUTED PROPOSED JURY INSTRUCTIONS
CASE NO.: 2:21-CV-00451-DDP-MRW

**Southwest's Special Instruction No. 4 ASSESSMENT OF DAMAGES**

If you decide to award damages to Plaintiff, you cannot consider any emotional distress or economic damages that flow from Southwest's conduct after [Flight Attendant Elena Karenev asked Plaintiff's aunt what was in her to-go cup][Flight Attendant Elena Karenev asked Plaintiff if she had something with which to cover her outfit after seeing two passengers and the First Officer taken aback by Plaintiff's outfit][Plaintiff stated to Flight Attendant Elena Karenev that she would not cover her attire even if she had something to cover up with]. Thus, in determining the amount of economic or emotional distress damages to award to Plaintiff, if any, you can only award damages that flow from Southwest's conduct prior to Plaintiff making this statement.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1

**Southwest Statement in Support**

2

3      The instruction is necessary to explain to the jury the Court's ruling on

4   Southwest's Motion for Summary Judgment, which precludes Plaintiff from

5   recovering on the IIED claim to the extent is it based on conduct that is related to

6   safety or removal. The Court held that, "[g]iven Plaintiff's incontrovertible

7   defiance of crewmember requests and attempt to rally other passengers to join her

8   in opposition to Southwest crew, there can be no genuine dispute that Southwest

9   reasonably determined that Plaintiff might pose a safety risk if permitted to remain

10  onboard." (MSJ Order 12:8-12). The Court dismissed Plaintiff's racial

11  discrimination claims and all of her state claims except for IIED "to the extent

12  Plaintiff's IIED claim is based on Southwest's conduct unrelated to safety

13  concerns, and apart from Plaintiff's removal from the plane." (MSJ Order 15:3-6).

14  Sources:  Court's Order on Motion for Summary Judgment, dated May 19, 2023.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Plaintiff Statement in Opposition**

For the reasons set forth above regarding proposed special instruction No. 1, Plaintiff objects to this instruction.

On the due date for the instructions to be filed with the Court, and without any meet and confer, Defendant added the bracketed language to the proposed instruction, now asking the Court to further instruct the jury as to artificial lines of demarcation as to what can and cannot be considered by the jury in awarding damages. Again, Defendant is taking extreme and improper liberties with the Court's ruling on MSJ in attempts to improperly gut Plaintiff's claim for IIED and punitive damages. The line of demarcation as to what a jury can consider and for which it can award damages is not based upon nor cut off "after Plaintiff informed a Southwest flight attendant that she would not cover up with something even if she had it," or after Karenev snatched the cup and smelled it, etc. as Defendant proposes. The line of demarcation is, as the Court ruled, that Plaintiff cannot seek damages *based upon her removal* and the jury will already be so instructed as to that.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

DISPUTED PROPOSED JURY INSTRUCTIONS
CASE NO.: 2:21-CV-00451-DDP-MRW

**5.3 DAMAGES – MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

    1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

    2.    the amount by which damages would have been mitigated.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Southwest Statement in Support**

This instruction is necessary because Plaintiff failed to mitigate her damages by waiting six months to attend therapy following the incident and by failing to consistently attend her therapy sessions.

Additionally, it appears from the Court's MSJ Order that Plaintiff will not be permitted to recover damages flowing from Southwest's conduct related to safety concerns and her removal from the aircraft. But to the extent that Plaintiff is permitted to present evidence of such damages, this instruction is necessary because Plaintiff failed to mitigate her damages by escalating the situation from a simple request to cover an outfit into one that required her removal from the aircraft due to safety concerns.

Source: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition, last updated March 2023).

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**Plaintiff Statement in Opposition**

Plaintiff objects to this jury instruction because Defendant never designated an expert and thus Defendant is not entitled to this instruction. Namely, the Court in *Lister v. Hyatt Corp.*, No. C18-0961JLR, 2019 U.S. Dist. LEXIS 211764, at *39-40 (W.D. Wash. Dec. 9, 2019) explained the doctrine of mitigation of damages "prevents recovery for those damages the injured party could have avoided by reasonable efforts taken after the wrong was committed. (citations omitted) The party whose wrongful conduct caused the damages . . . has the burden of proving the failure to mitigate. (citations omitted) In cases involving injuries, the defendant not only must establish that the injured party failed to use reasonable care to mitigate damages, but also must show—*through expert testimony*—that the failure to mitigate aggravated the party's injury or otherwise increased the damage suffered. (citations omitted) ("To support a mitigation instruction, expert testimony must establish that the alternative treatment would more likely than not improve or cure the plaintiff's condition." (finding no evidence that plaintiff's failure to follow her doctor's advice aggravated her conditions or delayed her recovery). (emphasis added).

Lastly, Plaintiff sought therapy four months after the incident, not six as Defendant contends and again the issue as to what constituted "safety concerns" is not to be presented to the jury.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

### 3946. PUNITIVE DAMAGES—ENTITY DEFENDANT—BIFURCATED TRIAL (FIRST PHASE)

If you decide that [name of defendant]'s conduct caused [name of plaintiff] harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later. At this time, you must decide whether [name of plaintiff] has proved that [name of defendant] engaged in that conduct with malice, oppression, or fraud.

To do this, [name of plaintiff] must prove [one of] the following by clear and convincing evidence: 1. [That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of [name of defendant] who acted on behalf of [name of defendant]; [or]] 2. [That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of [name of defendant]; [or]] 3. [That one or more officers, directors, or managing agents of [name of defendant] knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.]

"Malice" means that [name of defendant] acted with intent to cause injury or that [name of defendant]'s conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that [name of defendant]'s conduct was despicable and subjected [name of plaintiff] to cruel and unjust hardship in knowing disregard of [his/her/nonbinary pronoun] rights. "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that [name of defendant] intentionally misrepresented or

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1   concealed a material fact and did so intending to harm [name of plaintiff].

2          An employee is a "managing agent" if the employee exercises substantial

3   independent authority and judgment in corporate decisionmaking such that the

4   employee's decisions ultimately determine corporate policy.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

DISPUTED PROPOSED JURY INSTRUCTIONS
CASE NO.: 2:21-CV-00451-DDP-MRW

**Southwest Statement in Support**

It is Southwest's position that trial should be bifurcated on the issue of punitive damages, pursuant to Section 3295(d) of the California Civil Code. Plaintiff failed to allege facts supporting punitive damages in her Complaint, and conducted no discovery on the issue of punitive damages, including as to whether there was malice, oppression or fraud, or whether any such conduct was carried out or ratified by an officer, director or managing agent of Southwest. The Court should preclude the admission of evidence of profits or financial condition unless the jury returns a verdict for Plaintiff awarding actual damages and finds that Southwest is guilty of malice, oppression, or fraud.

Source: Judicial Council of California Civil Jury Instruction (2022), CACI No. 3946.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

DISPUTED PROPOSED JURY INSTRUCTIONS
CASE NO.: 2:21-CV-00451-DDP-MRW

- 47 -

**Plaintiff Statement in Opposition**

Plaintiff objects to this jury instruction because Defendant has never filed any motion seeking bifurcation of the damages phase of trial, has never met and conferred with Plaintiff on the issue of bifurcation, and Plaintiff would oppose any untimely motion made to bifurcate due to overlap of the facts and issues related to IIED and punitive damages.

Plaintiff contends CACI 3945- Punitive Damages- Entity Defendant- Trial Not bifurcated applies as set forth above.


Dated:  May 30, 2023                    Respectfully submitted,



                                        By: /s/ Natasha Mikha Pardasani
                                            Richard A. Lazenby
                                            Natasha Mikha Pardasani
                                            Nicole A. Poltash
                                            VICTOR RANE
                                            Attorneys for Defendant
                                            SOUTHWEST AIRLINES CO.



Dated:  May 30, 2023                    Respectfully submitted,



                                        By: /s/ Anahita Sedaghatfar (w/ permission)
                                            Brian T. Dunn
                                            Anahita Sedaghatfar
                                            THE COCHRAN FIRM
                                            Attorneys for Plaintiff
                                            ADELENE SANDERS

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849